RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**NOV 2 1 2018**

JAMES N. HATTEN, Clerk
By: ᐱ𝒱 Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Vincent A. Bagby                              )
                                             )
        v.                                   )
                                             )  Case No: 18-CV-
State Farm Casualty Insurance Co & CEO       )
 Michael L. Tipsord;  Fred Hinson, CEO       )    **1:18-CV-5353**
Fred Hinson State Farm Agency;               )
City of Atlanta, Georgia, Inc &              )
Mayor Mohamed Kasim Reed; Mayor              )
Keisha Lance Bottoms; Cathy Hampton, JD )
Jeremy Berry, JD Chief Counsel; Norris       )
Hobbes Gresham; City of Atlanta Fire         )
Dept; Georgia Office of Insurance & Fire     )
Safety Commisioner, Ralph T. Hudgins,        )
Insurance Examiner Menase Zewde, Joanne )
Oni, Lexis Nexis C.L.U.E                     )

Defendants

**COMPLAINT**

**I.      Venue is Proper Pursuant to 28 U.S.C. §1332**

**A. Complete Diversity Exists.**

1. State Farm, the principle defendant is a Domestic Insurer duly organized under the

    laws of the State of Illinois and having its principle place of business in the State of

    Illinois, and is therefore a Corporation, and for Legal Purposes a Natural Person, and

    Citizen of Illinois for purposes of establishing Diversity of Jurisdiction.

2. The Plaintiff Vincent A. Bagby is a Citizen of the State of Georgia.

3. Plaintiff Vincent A. Bagby asserts that he has suffered Physical, Property, Monetary,

    Reputational, and Credit damages and losses due to State Farm's intentional

    Professional Negligence, and the intentional infliction of emotional distress,. State

    Farm exhibited the evasion of its Duty to Settle, under Georgia Law 33-4-7 and

Illinois law (Haddick ex rel. Griffith v. Valor Insurance, 763 N.E.2d 299, 304-05 Ill. 2001). State Farm is therefore liable for liable for these damages to fomer insured client Vincent A. Bagby in excess of policy limits where the insure is guilty of Professional Negligence, or BAD FAITH, in failing to compromise, or settle the claim.

Multiple Conflicts of Interest were committed during OIC Hearing 555133158, conducted by Menase Zewde of the Georgia Office of Insurance and Fire Safety Commissioner. Misrepresentation and Fraud were committed, motivated by Bad Faith, to avoid paying claim 11-7367-466-D on a policy underwriter by CEO/ owner Fred Hinson, of Fred Hinson State Farm Agency. With corporate support, through Jerry Milton, Joseph Hovan and Joseph Homans, who all refused to honor the terms and conditions of Policy #044-8991-D-18-110. Further Fraud, Bad Faith, and Insurance Fraud were committed by Public Affairs Manager Jerry Milton, who negotiated the State Farm contract with the City of Atlanta, Georgia with Adam Smith, former Procurement Officer for the City of Atlanta, Georgia, Inc and now a Convicted Felon at the Federal level, for receiving bribes, in a pay to play scheme, to provide access to millions in lucrative city contracts, for more than a decade.

In a Letter dated November 11, 2011, Jerry Milton contends that because the City of Atlanta, Georgia is self-insured, there was no other company for State Farm to pursue a settlement against, to compel the responsible Party to pay damages. Also participating in hearing 555133158, and who submitted correspondence misrepresenting facts were Joseph Hovan, and Joseph Homans. Self-insurance, with a limit of $500,000.00, a fact that was withheld in a letter dated October 11, 2011 by

Kristen Denius which reiterated the State Farm statement that the City of Atlanta, Georgia self-insures. Menase Zewde of the Office of Insurance and Fire Safety Commissioner, State Farm, and City of Atlanta, Georgia were aware of, and Zewde and Oni contractually, as State of Georgia Officials paid to be objective and neutral, State Farm as my underwriter to protect my life, quality of life, and property (State Farm), and as an actor who caused an accident the City of Atlanta, Georgia, failed to disclose by factual misrepresentation the following:

Above the $500,000.00 of self -insurance liability, State Farm provides Umbrella, or Gap Insurance to cover the liability per incident. The existence of coverage other than self-insurance was denied by State Farm communicated by Jerry Melton in his November 11, 2011 letter, the City of Atlanta, Georgia in its letter drafted by Kristen Denius, JD Assistant City Attorney on October 11, 2011 asserted this same false assertion. By virtue of not disputing these false assertions, Menase Zewde violated his oath of office, professional code of conduct, and provided the appearance of legitimacy to these claims made by State Farm's Jerry Melton, and Kristen Denius Assistant City Attorney for City of Atlanta, Georgia. Under the Honest Service Doctrine which regulates the conduct of Government regulators and entities, Menase Zewde had a Duty to honestly, and objective provide clarification, and determinations of contractual facts, relating to coverage. The existence and requirement for this Gap Insurance, alternatively known as Umbrella Insurance was known to be a requirement in excess of Self-Insurance, further it is argued that Menase Zewde knew the identity of the Excess Insurer underwriting the Gap or Umbrella Insurance to be State Farm.

Thus in hearing 555133158, State Farm Casualty Company, State of Georgia Office of Insurance and Fire Safety Commissioner, and City of Atlanta, Georgia personnel have substantially, by logical inference, statements, and excluded facts that breached a Duty to Disclose during the hearing conducted by Menase Zewde and Supervisor Joanne Oni have admitted to colluding to defraud Vincent A. Bagby. Another breach of the Duty to Disclose was committed by State Farm with its failure of disclosue to reveal that the Office of Insurance and Fire Safety Commissioner is covered for Professional malpractice under the Georgia Tort Claims Policy TCP-401-14-9.

4. The secondary co-Defendents, the City of Atlanta, Georgia, Inc., and relevant senior Municipal officials, including the Honorable Mohammed Kasim Reed, City Attorney Cathy Hampton, Assistant City Attorney Kristen Denius, current City Attorney Jeremy Berry, current Mayor Kiesha Lance Bottoms, City of Atlanta Fire Department, and City of Atlanta, Georgia Fireman Norris Hobbes Gresham, Municipal Clerk's Claim Department Personnel, including Toni Booth-Comer, Gwen Burns, and Ms. Dauphin, Insurance and Fire Safety Commissioner Ralph T. Hudgins, and Insurance Examiner Menase Zewde, OIC Supervisor Joanne Oni, as well as the Lexis Nexis Comprehensive Loss Underwriter's Exchange Division Legal Counsel Jillian Block are inclusively, all residents or Citizens of the State of Georgia, and thus meet the requirement of Diversity of Jurisdiction met by their Georgia Residency, scope of business prescence, and or, Constitutional establishment under Georgia Constitutional Law, and O.C.G.A.

As co-Defendants along with State Farm, a Diversity of Jurisdiction has been established by the City of Atlanta, Georgia, Inc. being duly incorporated under the Laws of the State of Georgia, and as a corporation is recognized as a Natural person with residency in State of Georgia, pursuant to 28 U.S.C. §1332. The Office Insurance and Fire Safety Commissioner is a division of the State of Georgia government, and is also a resident of the State of Georgia.

5. On the date of the accident October 4, 2010, the Plaintiff Vincent A. Bagby was involved in an accident with City of Atlanta Fire Truck a 2002 Piper, bi-segmented 48-foot Fire Truck being operated by two City of Atlanta, Georgia Firemen, one Caucasian, and whose identity has been refused to be released, and the named Defendant Norris Hobbes Gresham. Gresham and the other driver were intoxicated. This fact is indicated on the Police report #102771037-00, by a code #1, which indicated intoxication or impairment as a contributory factor which caused the accident 102771037-00, for vehicle 2 the, Piper fire truck. Contrary to this fact, State Farm liaison to Lexis Nexis C.L.U.E. has possession of an archived file, or did in July 2017, which stated Vincent A. Bagby caused accident 102771037-00.

This two vehicle accident which occurred on Chattahoochee Avenue in Atlanta, Georgia, at approximate the segment of roadway where on side is the Pepsi plant, and the entrance to 1365 Chattahoochee Avenue where the Wander and Frolick, non-emergency use of an emergency vehicle whose occupants were going to continue alcohol consumption at the only restaurant open between noon, and 1pm EDT that day.

Plaintiff Vincent A. Bagby had a currently, fully paid policy, October 4, 2010 the date of the loss from the accident. The Policy was purchased from the Fred Hinson State Farm Agency, #044-8991-D-18-110 was in effect the date of the dual-total-loss accident.

The fact that Vincent A. Bagby was in possession of a valid contract, was not a disputed issue, and affirmed during the hearing before the Office of Insurance and Safety Fire Commissioner #555133158, the prior filing in the Northern District of Georgia Magistrate Judge Catherine M. Salinas 1:16-CV-03535-CMS-RWS, page four communicates that Judge Catherine M, Salinas accept(s) the allegations as true, and dismissed without prejudice to properly restate the claims. Likewise, the filing in 2017 in the Southern District of Illinois, 3:17-CV-01069-JPG-SCW, was dismissed without prejudice, also without a dispute of any facts presented, but for naming non-Illinois residents as Defendants in the cause of action, based on the legal precedent set by Strawbridge v. Curtiss (1805).

Plaintiff Vincent A. Bagby, the and the City of Atlanta, Georgia were Sate Farm clients owed fiduciary duties to both parties as clients. However, only Atlanta, Georgia was made whole, and received a new Fire Truck. Its replacement, which took the fiscal year 2010 total of Fire trucks from 34 truck to 37 trucks in fiscal year 2011 was made under the auspices of a violation of the Federal False Claims Act 31 U.S.C. 3729-3733. Recall the relation made by Scott Wade of State Farm in July 2017, to Shawntay Holt of Lexis Nexis C.L.U.E. Legal Dispute Section, that Vincent A. Bagby was listed as the culpable, At-Fault party for the causation of accident 102771037-00.

Further Civil Rights Violations, and collusion committed by this cabal of three, one of which the Office of Insurance and Fire Safety Commissioner's Office is covered under the TCP-401-19-09 underwritten by State Farm.

Vincent A. Bagby clearly has suffered tremendous **Harm, Injury, and Loss (U.S. vs. Skeddle, 940 F. Supp. 1146, N.D. Ohio 1996) associated by the Governmental Professional Negligence, Fraud, and Bad Faith** based on the actions, inactions and deceit committed by these actions which should be considered to be **Honest Services Violations** in violation of 18 U.S.C. 1346 §15 Eq, these Intangible Rights are access to Credit itself a violation of the Federal Equal Credit Opportunity Act. This has caused disproportionate impact to Vincent A. Bagby, who is Black, or alternatively African American. State Farm was contractually responsible for the losses of Vincent A. Bagby, the Torts, Professional Negligence, Bad Faith and Fraud of the Office of Insurance and Safety Fire Commissioner, and Losses and Professional Negligence of the City of Atlanta, Georgia, Inc, as well.

6.   The aforementioned policy 044-8991-D-18-110 had the following codes associated with the policy A, H, and U. Of particular concern to Bagby is the Un-Insured motorist coverage which was then $250,000.00. Un-Insured Motorist Coverage is recoverable in associated Legal Fees incurred by the Aggrieved party who has had to expend funds. In the case of Vincent A. Bagby, sweat equity, as a trained Paralegal, he was forced to work Pro Se to seek recovery for his losses. Bagby's qualifications are a Bachelor of Arts in Modern Language and Culture in Spanish from Kennesaw State University, a Paralegal Certificate from Kennesaw State University Continuing Education, and American Council on the Teaching of

Foreign Languages, assessed at Intermediate High on October 31, 2016. The combined skill sets would be worth an estimated $50.00 - $80.00 an hour.

The Responsible party for accident 102771037 is indisputably the City of Atlanta, Georgia, Inc., as indicated by the Atlanta Police Report 102771037 authored by Officer David Fernandez, then stationed in Zone 2. The Insurer of record at the time of the accident 102771037-00 was, and still is State Farm. State Farm, as has been shown has continually denied being the insurer of record for the City of Atlanta, Georgia, Inc, reference the correspondence drafted by Jerry Melton of State Farm, in his role as Public Affairs Manager for State Farm in 2011, dated November 11, 2011.

This same reference to the fact that City of Atlanta, Georgia, Inc. self-insures, and has no other coverage was referenced in correspondence drafted by City of Atlanta, Georgia, Inc. Assistant City Attorney Kristen Denius, which state "...because the City of Atlanta, Georgia self-insure there are no records responsive to your request. Item #1 was Vincent A. Bagby's request for "The bond number and or policy number which covers the Piper Firetruck model driven on the day of the accident, October 4, 2010. The exact phraseology drafted by Kristen Denius, JD was: "The City of Atlanta self-insures, therefore there are no records anywhere within the City of Atlanta responsive to this portion of your request. Curiously, the City of Atlanta did draft a Claim #CL11L0746, it was dated October 13, 2011 two days after the letter of response, or correspondence drafted by Assistant City Attorney Kristen Denius, JD, dated October 11, 2011.

The denial of the Claim CL110746 was not issued until September 28, 2015. However, whoever the President of the Atlanta, Georgia Council was at the time, failed to sign. Then Mayor Mohammed Kasim Reed, JD also failed to sign the document. Making it null and void.

There also does not appear to have been put on the agenda for an official vote. Both of these actions are required to occur. These actions of the City of Atlanta administration could have occurred without the knowledge of the City Council, since there appears to not have been a vote, and no signature by former Mayor of Atlanta, Georgia Mohammed Kasim Reed, nor the City Council President.

7.    These failures to settle, disclose, and all actions which were committed with an underlying Bad Faith, are Breach of Contract under 41 U.S.C. §6503, by participation in the hearing 555133158, State Farm Affirmatively admitted that there was a policy in effect at the time belonging to Vincent A. Bagby which insured his 1998 Mazda 626 four-door sedan. State Farm failed to disclose this known Conflict of Interest presented due to State Farm's role as the Insurer of Record for the City of Atlanta, Georgia, Inc for Umbrella, or Gap coverage above the legal limit of $500,000 per incident. As the provider of Catastrophic Loss, Gap Insurance, or Umbrella Insurance beyond the limits of Self-Insurance maximum benefit coverage of $500,000.00 a similar case (Fried v. North River Ins. Co. (4th Cir. 1983) is cited.

The value of the 2002 Piper, dual-segmented 48-foot truck of more than $1,000,000.00, without factoring in the injuries of the Atlanta Fire Department employees, Vincent A. Bagby's bodily injuries, permanent pain associated with

those injuries, documented by X-rays of the back, and Magnetic Resonance Imaging of the neck/cervical spine, and vehicle losses, and after the illegal termination of State Farm Auto Insurance the following year in October or November of 2011, after achieving Guaranteed Renewal status for a 20 year contract between Vincent A. Bagby and State Farm memorialized by assent in a Board of Directors meeting in April of 2011. The result of this termination is the uninsurable status now conferred on Bagby comprising the related Damages caused by the reputation related Torts of Slander, Libel, Fair Credit Reporting Act (FCRA), Federal Driver Privacy Act, and defamation of character relating to the False Information having sold tot Lexis Nexis by State Farm, and since that time, the two denials of Insurance by Mercury Casualty Insurance on September 21, 2011, Progressive Insurance on September 22, 2011, and again July 17, 2017 by Progressive Insurance Company. These denials of insurance are based directly on the False Filings, and **Computer Fraud and Abuse Act (CFAA) 18 U.S.C. 1030**, violation by the input of knowingly False Data into a reseller of Risk Assessment reseller Lexis Nexis C.L.U.E beginning in October 2010, and the subsequent resale of the information to Mercury Insurance, and Progressive for the Inquiry's and access to Lexis Nexis C.L.U.E. database.

The resultant denials of credit to Vincent A. Bagby by Mercury Insurance, and progressive, three times between November 2011 and July 2018. Efforts to have Lexis Nexis correct the error, which not initially the corporations fault in 2010 or 2011, clearly must assume a level of culpability now for the denial of Insurance in 2017 due to the same data, now known to be false. Lexis Nexis C.L.U.E. has changed roles from oblivious purveyor of information that could have been true, or

untrue, with no legal obligation to verify the wholesale reselling of rumors, to be a knowing irresponsible, negligent, reseller of factless financial narratives, and an obstructor of Justice, by intentionally collaborating with State Farm, and becoming a co-conspirator and fellow Racketeer, illegally influencing the Municipal Bond and Risk Management Market, as well as denying fair rates for service to Vincent A. Bagby, a member of the Consumer Insurance marketplace.

8.      Because the valuation of the 2002 Piper Fire Truck alone is more than $1,000,000.00, the financial threshold for the filing of a Federal Civil Suit is well-**above the stated $75, 000.00** requirement for a case to be considered to be deemed eligible to be heard in a Federal venue, as well as the $250,000.00 Un-Insured motorist coverage Vincent A. Bagby should be considered eligible to recover for his labors in the recovery of a settlement from the City of Atlanta, Georgia, Inc. City of Atlanta Fire Department, Office of Insurance and Safety Fire Commissioner, and State Farm Casualty Company, Fred Hinson & Fred Hinson State Farm Agency, and Lexis Nexis C.L.U.E.

9.      Two Corrupt Organization Federal Statutes were violated by State Farm, primarily with assistance from the coordinated actions between State Farm, Office of the Insurance and Safety Fire Commissioner, City of Atlanta, Georgia, Inc, and Lexis Nexis C.L.U.E. to Manipulate the Municipal Bond  Market evaluation of the City of Atlanta, Georgia, Inc. Municipal Bond Rating through actions described in 18 U.S.C. 1961 RICO statute on the open market, by concealing the outstanding unpaid risk, and debt associated with OIC case 555133158, Accident 102771037-00, also known as State Farm Claim 11-7367-466-D (previously known during case

55513315 as 11-7367-465-D & 11-7367-461-D in other correspondence drafted by State Farm). This debt was also concealed from the Internal Revenue Service by both State Farm, and the City of Atlanta, Georgia, as well as the Georgia Department of Revenue.

In late 2017, in the months of November and December, a lower, more accurate assessment of the initial AAA Moody's Bond Rating occurred, a devaluation to a new AA+ valuation occurred. Clearly, some new evidence of an existing, credible, and valid claim of outstanding debt exists and was made known to Moody's for this remarkable development to have occurred. Thus one can logically conclude, with this evidence that however long the period was that the City of Atlanta, Georgia, Inc. derived benefit of a AAA Moody's Bond Rating, it was the result of the herein documented falsifications, occlusions of fact, and professionally negligent actions and inactions, which collectively hid Accident 102771037, from responsible parties, either its existence in government databases, such as the Georgia Department of Driver Services, Federal Motor Carrier Administration, Fulton County Department of Public Safety, and due to the spilling of all flame retardant fluids. The City of Atlanta, Georgia Firemen, including Norris Hobbes Gresham, as well as Vincent A. Bagby were exposed to hazardous chemicals. The incident was not reported to the Environmental Protection, nor the Georgia Environmental Protection Division

Between November 24, 2017  and the second WWSB Channel 2 interview between Reporter Chris Jose and then Mayor Mohammed Kasim Reed, JD, December 28, 2017, the AAA Bond rating of the November 2017 interview had

been reassessed to a lower AA+ valuation. Vincent A. Bagby had sent

documentation to Mark Almeida President of Moody's Analytics, and opened

Moody Verification Inquiry 10257995 to ascertain whether Moody's AAA valuation

of November 2017 was based upon knowledge of the Millions of dollars in Fraud,

Professionally Negligent operation of a motor vehicle while chemically impaired,

and bodily injury, and property losses associated with Claim 11-7367-466-D, also

known as City of Atlanta, Georgia Claim CL#11L0746, and Office of Insurance and

Safety Fire Commissioner 555133158. Referencing the actions of State Farm

colluding with the State of Georgia government and City of Atlanta, Georgia

government the case of the U.S. v. Woodward, 459 F.3d 1078(11th Cir. 20006).

State of Georgia government officials, and City of Atlanta government

officials conspiring with State Farm Insurance Corporation ,a Natural Person under

law to Defraud a Natural Person and Human Being, Vincent A. Bagby of property,

quality of Life, and Intangible Rights to remuneration, to be made whole from the

aforementioned losses of a good financially responsible reputation. This has

contributed to loss of access to Credit, competitive rates for services, an impediment

to a return to employment, pursuit of physical therapy interventions,  and the pursuit

of Happiness.

State Farm violated a second RICO Statute 18 U.S.C. 1962 by selling the

falsified data relating to Accident 102771037-00  Lexis Nexis. Lexis Nexis

Comprehensive Loss Underwriters Exchange. This sale of the False data concerning

Claim 11-7367-466-D to Lexis Nexis resulted in the denials of insurance coverage

on November 21, 2011 by Mercury Insurance, and November 22, 2011 by

Progressive, and on July 17, 2017 by Progressive again. Insurance coverage was granted by Infinity Discount Insurance on September 23, 2011, and began in November or December. As a consequence of State Farm second Breach of Contract reneging on the Guaranteed Renewal status required the Plaintiff to be charge three times eligible market rates by Infinity.

For Lexis Nexis CLUE's involvement, one must comprehend the scale of data utilized by its clientele, the Insurance Industry. Every Insurance Company uses the collected data archive and warehouse by Leis Nexis for every insurance quotation in the United States of America. The Automobile Insurance policy undertaken by Vincent A. Bagby with Infinity Insurance at usury rates, and the three denials, one by Mercury Casualty Insurance, and the two queries conducted by Progressive Insurance of Florida represent five violations of Consumer Insurance Markey manipulations unduly, and illegally influenced by the selling of false information by State Farm to Lexis Nexis for the violations occurring in 2011. Lexis Nexis is responsible indisputably for the denial of Insurance coverage issued by Progressive Insurance of Florida on July 17, 2017. Lexis Nexis had been made aware of this false data since 2015. Vincent A . Bagby tried in vein for a year to receive a substantive response at a level commensurate with a professional legal training or audit-level response.

10.    State Farm's False Filings violate multiple Consumer Credit Laws / Civil Rights Laws, which despite the best efforts of Plaintiff Vincent A. Bagby have been left uncorrected by Lexis Nexis C.L.U.E., State Farm, and the Office of Insurance and Safety Fire Commissioner. The violated Consumer Credit Laws that have negatively,

and disparately impacted, or affected Plaintiff Vincent A. Bagby's seeking to be
reinsured and employable are:

Fair Credit and Reporting Act 9FCRA0 15 U.S.C. §1681 et seq; Fairness and
Accuracy in Credit Transactions Act (Fact Act).

11.    The Duty to Defend its client was denied State Farm's former client, Vincent
       A. Bagby, who contracted with State Farm for twenty years. State Farm insurance
       , a Third Party Agent, as well as Underwriter of Record for the City of Atlanta,
       did however, did Defend the City of Atlanta, Georgia, during the hearing, by
       concealing the contractual relationship existing ongoing, to the present, and at
       least since it was negotiated by Convicted Federal Felon Adam Smith, and Jerry
       Melton of State Farm since 2004. The Duty to Defend is an elective exercise, but
       was undertaken to benefit, State Farm due aid in the value of the City of Atlanta's
       Municipal Bond Value, whose evaluation is based, in part, upon outstanding
       debts and assessed level of Risk. Revealing knowledge of this wreck, which
       ultimately occurred to Moody's Analytics occurred between November 24, 2017
       and December 28, 2017. In that time frame, by December 28, 2017, Moody's
       lowered the artificially high AAA Municipal Bond valuation to a newer AA+,
       which includes the outstanding estimated value of the eligible Settlement Amount
       for State Farm Claim #11-7367-466-D, also known as Atlanta Police Accident
       #102771037-00, and as Office of Insurance, and Safety Fire Commissioner case
       555133158.

12. A July 18, 2017 Letter of Response verifying Plaintiff Vincent A. Bagby's
    allegations was drafted, and signed by Jillian Block, then VICE Counsel for Lexis

Nexis C.L.U.E., now Legal Counsel, admits to destroying records prematurely. General Counsel Jillian Block thereby admits violating the Federal Driver Privacy Act. Plaintiff Bagby now has no driving record to be evaluated by a different insurance company. Thus the accident is not there, but the denials of coverage are, and in this letter, Block tries to flaunt the idea that there is no responsibility that LEXIS Nexis C.L.U.E. can be held to because they are not a government agency. Due to its aggregation, retention, and purveyance of publicly available data, Lexis Nexis C.L.U.E., by virtue of Federal Government contracts, has a greater liability, one could argue. The United States Federal Government has a responsibility to protect, one's Civil Rights, Human Rights, and Privacy Rights, and therefore cannot lawfully accumulate, inaccurate, and unreliable information for determinations of Credit, Employment with any corporation, public, or private, even the government itself. Meanwhile the United States government, national corporations, do make determinations of extension of credit, insurance, and employment, based on, in this case, information known to be false. The United States Federal Government could deny employment to someone based on Lexis Nexis's sale of false information, with an extremely high likelihood of certainty. Federal background check utilize Lexis Nexis LE (Law Enforcement), and Lexis Nexis C.L.U. E. consumer data for determinations of employment, particularly positions of great responsibility. Plaintiff Vincent A. Bagby has a United States Postal Inspection Service Identification Theft Case 31737670, with the Northwest Georgia Division of the United States Postal Inspection Service. Lexis Nexis C.L.U.E., therefore is guilty of being complicit with the Insurance Fraud first

employment, based on, in this case, information known to be false. The United

States Federal Government could deny employment to someone based on Lexis

Nexis's sale of false information, with an extremely high likelihood of certainty.

Federal background check utilize Lexis Nexis LE (Law Enforcement), and Lexis

Nexis C.L.U. E. consumer data for determinations of employment, particularly

positions of great responsibility. Plaintiff Vincent A. Bagby has a United States

Postal Inspection Service Identification Theft Case 31737670, with the Northwest

Georgia Division of the United States Postal Inspection Service. Lexis Nexis

C.L.U.E., therefore is guilty of being complicit with the Insurance Fraud first

caused by State Farm. Lexis Nexis, by virtue of not correcting the corrupted data,

and instead destroying it has compounded the damage, and shown a willingness to

disabuse the small individual consumer, and to a degree that is clearly illegal,

directly influence Consumer, and Municipal rates for Insurance, both Healh

Insurance (recall the spillage [UNRcompl;ainEPORTED] of flame retardant

chemicals in Office of Insurance and Safety Fire Commissioner 555133158, State

Farm AD013, State Farm Claim 11-7367-466-D) and Auto Insurance. Lexis

Nexis is paid for every inquiry conducted by an insurance company, at least in

Georgia, and to a greater than fifty percent market-share currently nationwide.

### Prayer For Relief

The Plaintiff, Vincent A. Bagby, Pro Se seeks Justice for the Criminal

Violations, enumerable violations of Civil Tort Law, Professionally Negligent and

Reckless actions of Law by licensed Attorneys of State Farm, Lexis Nexis C.L.U.E.,

Licensed resellers and Examiners certified and paid by the State of Georgia to be an

advocate for the Citizens of Georgia. When a consumer is against powerful, monied corporations with teams of lawyers, and insurance product specials to be objective, amd be a fair objective evaluator of contract law. Punitive measures for the years long delay to evade the consequences of a contract failed to be enforced by the State of Georgia by the Attorney General's Office of Georgia, Office of Insurance and Insurance and Safety Fire Commissioner.

Plaintiff Vincent A. Bagby seeks thee affirmative granting for the enclosed Motion for Summary Judgement, based upon the Facts of this case which were never disputed in the prior two filings which were GAND-1:16-CV-03535-CMS-RWS, in the Atlanta Division of the Northern District of Georgia, nor the second filing which occurred in the Southern District of Illinois, East St. Louis Division, as case ILSD-3:17-CV-01069-JPG-SCW.

Plaintiff Vincent A. Bagby also seeks to be compensated his Pro Se/Attorney's Fees, in the legally recoverable Paralegal Fees, with a negotiable multiplier for his dual role as Pro Se Attorney and Paralegal combined. The associated Paralegal Fees, for which remuneration is being sought is recoverable under Richland v. Chertoff (2009), which establishes Paralegal Fees as recoverable in the same manner as Attorney's fees, along with an appropriate 10% interest for each year since the date of the claim, October 4, 2010 from State Farm. A negotiable, Undisclosed Settlement of this case is sought from State Farm Casualty Insurance Company, Lexis Nexis C.L.U.E., and the Georgia Office of Insurance and Safety Fire Commissioner, and the City of Atlanta, Georgia, Inc. All Parties are guilty of these names Federal Crimes, and Civil Torts, and Professional Negligence

claims which has not to the present filing been disputed. There must be a clear,

distinct communication that violations of this type, and to this degree, and scale of

broad, industry-wide involvement will not be tolerated by the United States

Department of Justice.

The Plaintiff Vincent A. Bagby seeks a Jury Trial to obtain the settlement of

claim 11-7367-466-D, from State Farm, for its failure to seek redress from the City

of Atlanta, Georgia, Inc., this includes State Farm Corporate, as well as, Fred

Hinson, personally and Fred Hinson State Farm Insurance Agency. Also Vincent A.

Bagby seeks to have the professional Licensure of Defendant Fred Hinson revoked

indefinitely for his egregious Federal Crimes and Civil Rights Violations, which

were committed by a trained professional who knew the implications to his decades

long clients credit, the betrayal of the Public Trust that State Farm has overcharged

its clients, nationwide for years, and are at present being encouraged to leave

Arizona with backlogs of lawsuits. Plaintiff Bagby seeks an undisclosed settlement

with Fred Hinson as the owner an individual defendant. A separate settlement is

sought against the Fred Hinson State Farm Agency, LLC, for a separate undisclosed

settlement for the actions of the corporation.

For State Farm's collusion, and coordinated efforts to Defraud, Vincent A.

Bagby, with the assistance of the Office of Insurance and Fire Safety Commissioner.

Plaintiff Bagby seeks a separate negotiated settlement, with State Farm Corporate for

the violations previously enumerated in the complaint relating to case 555133158

with State Farm employees Jerry Melton, Joseph Hovan, and Joseph Homan, who

participated in the complaint/hearing presided over by Menase Zewde, reporting to

Supervisor Joanne Oni, of the Georgia Office of Insurance and Safety Fire
Commissioner.

For the Professional Negligence, and Professional Malpractice committed by
Examiner Menase Zewde, Supervisory Examiner Joanne Oni, employees of the
Georgia Office of Insurance and Safety Fire Commissioner, Vincent A. Bagby seeks
an undisclosed settlement, the enforcement of which a Federal Judge would compel
the Georgia Office of Insurance and Safety Fire Commissioner to settle in one of the
following methods to comply with this Prayer for Relief. The first is a Claim to the
State of Georgia Tort Claims Policy TCP-401-14-09. The second is a
The Plaintiff, Vincent A. Bagby seeks a negotiated settlement, to be known only to
the parties named as Defendants in this action, and himself a negotiated settlement.

Plaintiff Vincent A. Bagby recommends that the sanction of dividing the
percentage of the State of Georgia, more than 150 Countywide, and Municipal
monopolies of every State of Georgia, every County, and Municipal subdivision in
the State of Georgia has its Tort Claims Policy through State Farm Insurance
Agency.

Vincent A. Bagby

Vincent A. Bagby, Pro Se
1365 Lake Colony Drive
Marietta, Georgia30068
(404) 399-6451
vabagby@gmail.com

SOCIAL SECURITY ADMINISTRATION

Date: November 21, 2018

~~BNC#~~ ~~TXXXXXXXX~~
~~REF:~~ ~~XXXXXX~~

VINCENT A BAGBY
1365 LAKE COLONY DR
MARIETTA GA 30068-2847

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, you
may send them this letter.

Information About Current Social Security Benefits

   Beginning December 2018, the full monthly
   Social Security benefit before any deductions is......$ 1365.60

      We deduct $0.00 for medical insurance premiums each month.

   The regular monthly Social Security payment is........$ 1365.00
   (We must round down to the whole dollar.)

   Social Security benefits for a given month are paid the following month. (For
   example, Social Security benefits for March are paid in April.)

   Your Social Security benefits are paid on or about the third of each month.

Medicare Information

   You are entitled to hospital insurance under Medicare beginning July 2008.

   You are entitled to medical insurance under Medicare beginning July 2008.

   Your Medicare number is 1YV0-CP0-TA35. You may use this number to get medical
   services while waiting for your Medicare card.

   If you have any questions, please log into Medicare.gov, or call
   1-800-MEDICARE (1-800-633-4227).

SUSPECT SOCIAL SECURITY FRAUD?

   Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud
   Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

Federal Trade Commission - antitrust@ftc.gov

FTC

State Farm / City of Atlanta

secretary@ftc.gov

**REMARKS**

Driver 2 stated that he was stopped to make a left hand turn at the location. Driver 2 stated that as he was making the turn, vehicle 1 ran into them. Driver 2 stated that when he spoke to driver 1, he stated that he looked down at his navigation system and when he looked up, the fire truck was turning and could not stop. Driver 1 stated to me that the fire truck was turning left from the far right lane and the truck hit him. The fire truck did not move from where the impact occurred. The evidence at the scene showed that the fire truck was not turning from the far right lane. Vehicle 1's front bumper was still under the left rear wheel of the fire truck. There were also skid marks in the left oncoming lane where vehicle 1 tried to stop. There were no reported injuries. Driver 1 was cited for Following an emergency vehicle within 200 feet GA Code 40-6-247.

Mar 7, 2011  Not guilty
represented by  Jonathan M. Kester, Esq.

---

**INDICATE ON THIS DIAGRAM WHAT HAPPENED**

Diagram on Last Page

**INDICATE NORTH**

---

| CITATIONS - VEHICLE # | 1 | | | | CITATIONS - VEHICLE # | 2 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| None | | | | | None | | | | | |

| First Harmful Event | Traffic Way Flow | Weather | Surface Cond. | Light Cond. | Manner Of Collision | Location At Area Of Impact | Road Comp. | Road Def. | Road Character | Construction / Maintenance Zone |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 1 | 6 | |

| | VEH # 1 | VEH # 2 | SKID DISTANCE BEFORE IMPACT | | | |
|---|---|---|---|---|---|---|
| Number of Occupants | 1 | 1 | | | AFTER | |
| Point Of Initial Contact | 12 | 7 | VEH. 1 | | VEH. 1 | |
| Damage To Vehicles | 4 | 3 | VEH. 2 | | VEH. 2 | |

Width of Road 50

| Damage Other Than Vehicle: | | Owner: | | | | | | Taken For Treat | Eject | Safety Equip. | Pede. | Air Bag |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Occupants | Driver # 1 | Or Pedestrian # | | | | | | 8 | 8 | 1 | 8 | 2 | 2 |
| | Driver # 2 | Or Pedestrian # | | | | | | 0 | 2 | 1 | 3 | 1 | 8 |

| LAST NAME | FIRST | ADDRESS | | City | STATE | ZIP | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

---

DMVS-523 (03/04)   MAIL TO: GEORGIA DEPT. OF MOTOR VEHICLE SAFETY, ACCIDENT REPORTING UNIT P.O. BOX 80447, CONYERS, GA 30013-8447

# Georgia Uniform Vehicle Accident Report Overlay

## DOT-523 Overlay

**ALCOHOL AND / OR DRUG TEST GIVEN**
1 – Yes   2 – No   3 – Refused

**TYPE TEST**
1 – Blood   2 – Breath   3 – Urine   4 – Other

**DRIVER CONDITION**
1 – Not Drinking          5 – U.I. Drugs
2 – Not Known If U.I.     6 – U.I.Alcohol & Drugs
3 – Drinking Not Appeared 7 – Physical Impairment
4 – U.I. Alcohol          8 – Apparently Fell Asleep

**DIRECTION OF TRAVEL**
1 – North   2 – South   3 – East   4 – West

**VISION OBSCURED BY**
1 – Not Obscured   5 – Trees, Bushes
2 – Headlights     6 – Rain, Snow, Ice on Window
3 – Sunlight       7 – Other
4 – Improper Lights 8 – Windshield

**VEHICLE MANEUVER**
1 – Turning Left     8 – Stop
2 – Turning Right    9 – Slowing
3 – Ran             10 – Other
4 – Improper Lane
5 – Continuous Turning Lane

**VEHICLE CONDITION**
1 – No Known Defects   5 – Steering Failure
2 – Tire Failure       6 – Slick Tires
3 – Brake Failure      7 – Other
4 – Improper Lights

1 – Thru Lane        8 – Parked
2 – Turning Right    9 – Passing
3 – Ran             10 – Negotiating A Curve
4 – Improper Lane   11 – Backing/Leaving
5 – Stopped             Parking
6 – Straight        12 – Changing Lanes
7 – Backing            Driveway

**TRAFFICWAY FLOW**
1 – Two-way Trafficway With No Physical Separation
2 – Two-way Trafficway With A Physical Separation
3 – One-Way Trafficway

**WEATHER**
1 – Dry   5 – Snow
2 – Wet   6 – Slush
3 – Snowy 7 – Sand
4 – Icy   8 – Oil
         9 – Other

**SURFACE CONDITION**
1 – Dry   5 – Snow
2 – Wet   6 – Slush
3 – Snowy 7 – Sand
4 – Icy   8 – Oil
         9 – Other

**LIGHT CONDITION**
1 – Daylight   4 – Dark – Lighted
2 – Dusk       5 – Dark – Not Lighted
3 – Dawn

**MANNER OF COLLISION**
1 – Angle      5 – Rear End
2 – Head On    6 – Sideswipe – Same Direction
3 – Rear End   7 – Sideswipe – Opposite Direction
4 – Sideswipe  8 – Not A Collision With A Motor Vehicle

**PEDESTRIAN MANEUVER**
1 – Crossing, Not At Crosswalk   6 – Crew Working In Road
2 – Standing at Crosswalk        7 – Playing Roadway
3 – Walking with Traffic         8 – Standing In Roadway
4 – Walking Against Traffic      9 – Off Roadway
5 – Passing Or Working on       10 – Other
    Vehicle                     11 – Getting into Trailer

**FIRST HARMFUL EVENT/FIRST HARMFUL EVENT**
**NON-COLLISION**
1 – Overturn    4 – Jackknife
2 – Fire/Explosion   5 – Other Non-Collision
3 – Immersion

**COLLISION WITH OBJECT NOT FIXED**
6 – Pedestrian    11 – Motor Vehicle In Motion
7 – Pedalcycle    12 – Motor Vehicle In Motion
8 – Railway Train 13 – Other Roadway
9 – Animal        14 – Other
10 – Parked Motor Vehicle 14 – Deer

**COLLISION WITH FIXED OBJECT**
15 – Impact Attenuator   25 – Curb
16 – Bridge Overhead     26 – Other Post
17 – Bridge Parapet End  27 – Culvert
      Post                28 – Ditch
18 – Bridge Rail         29 – Crash
19 – Culvert             30 – Embankment
20 – Guardrail Face      31 – Fence
21 – Median Barrier      32 – Mailbox
22 – Highway Traffic Sign 33 – Tree
23 – Guardrail Support   34 – Other – Fixed Object
24 – Luminaire/Light Support 35 – Other

**CONTRIBUTING ROAD DEFECTS**
1 – No Defects           5 – Water Standing
2 – Loose Surface        6 – Holes, Deep Ruts, Bumps
3 – Holes, Deep Ruts, Bumps 7 – Loose Material On Surface
4 – Loose Material On Surface 8 – Temporary Construction
                          9 – Other

**ROAD COMPOSITION**
1 – Concrete   4 – Dirt
2 – Black Top  5 – Gravel
3 – Tar And Gravel 6 – Other

**ROAD CHARACTER**
1 – Straight And Level   5 – Straight At Hillcrest
2 – Straight On Grade    6 – Curve And Level
3 – Straight On Hillcrest 7 – Curve On Grade
4 – Curve And Level      8 – Curve On Hillcrest

**LOCATION AT AREA OF IMPACT**
1 – On Roadway   4 – Median
2 – Off Roadway  5 – Ramp
3 – On Roadway   6 – Gore

**CONTRIBUTING FACTORS**
1 – No Contributing Factors
2 – DUI
3 – Following Too Close
4 – Failed to Yield
5 – Exceeding Speed Limit
6 – Disregard Stop Sign/Signal
7 – Driving Side Of Road
8 – Made Improper Turn
9 – Improper Passing
10 – Improper Parking
11 – Changed Lanes Improperly
12 – Defective Or Head
13 – Improper Backing
14 – Driver Inexperience
15 – Mechanical Or Vehicle Failure
16 – Obscured Vision
17 – Misjudged Clearance
18 – Improper Turning
19 – No Signal/Improper Signal
20 – Other Condition
21 – Drivers Vehicle
22 – Too Fast For Conditions
23 – Improper Parking Of School Bus
24 – Disregard Police Officer
25 – Distracted
26 – Cell Phone
27 – Other
28 – Inattentive

**VEHICLE CLASS**
1 – Privately Owned   7 – Military
2 – Single Unit Truck 2 Axle
3 – Single Unit Truck 3 or More Axles
4 – Truck Tractor     6 – Commercial Vehicle (For
5 – Truck Tractor (Bobtail)    Acc. Reporting Purpose
                                Only)
7 – Government Owned
8 – Other Govt. Owned

**CONSTRUCTION / MAINTENANCE ZONE CODES**
0 – None   1 – Construction   2 – Maintenance   3 – Utility

**AGE**
00 – Up To One Year
01 – 97 Actual Age
98 – Ninety-eight Or Over
99 – Unknown

**INJURY CODE**
0 – Not Injured   3 – Visible
1 – Killed        4 – Complaint
2 – Serious

**SEX**
M – Male   F – Female

**TAKEN FOR TREATMENT**
1 – Yes   2 – No

**EJECTION**
0 – Not Ejected   3 – Totally Ejected
1 – Ejected       4 – Partially Ejected
2 – Trapped

**SAFETY EQUIPMENT**
0 – None Used     6 – Motorcycle Helmet
1 – Shoulder Belt 7 – Bicycle Helmet
2 – Lap Belt      8 – Unknown
3 – Lap and Shoulder Belt
4 – Child Safety Seat (Properly Used)
5 – Child Safety Seat (Improperly Used)

**AIR BAG FUNCTION**
0 – No Air Bag In This Seat   5 – Deployed Multiple Directions
1 – Deployed Air Bag          6 – Non-Deployed Front
2 – Non-Deployed Air Bag      7 – Non-Deployed Side
3 – Deployed Side             8 – Non-Deployed Multiple Directions
4 – Deployed Other Direction

**EXTRICATION (Equipment Used)**
1 – Yes   2 – No

**VEHICLE TYPE**
1 – Passenger Car   12 – Bus
2 – Pickup Truck    13 – Van
3 – DUI            14 – Truck Towing House Trailer
4 – Truck Tractor (Bobtail)
5 – Tractor/Trailer 15 – Ambulance
6 – Tractor W/Twin Trailers 16 – Motorized Recreational Vehicle
7 – Logging Truck   17 – Motorcycle, Scooter, Vehicle
8 – Moped/Motor Scooter
9 – Single Unit Truck 18 – Motor Home
10 – Van            19 – Tractor/Semi Trailer
11 – Utility/Passenger Vehicle
                    20 – Pedalcycle, Bicycle
                    21 – Off Road Construction, Equip.
                    22 – Other
                    23 – All Terrain Vehicle

**TRAFFIC CONTROL**
00 – Cones        6 – Stop Or Yield Sign
0 – No Control Present 7 – Lanes
1 – Traffic Signal 8 – Other
2 – RR Signal/Sign 9 – Flashing Lights
4 – Warning Sign

**CARGO BODY TYPE**
0 – None          7 – Dump
1 – Van (Enc. Box) 5 – Garbage/Refuse
2 – Auto Carrier  6 – Flatbed
3 – Bus           8 – Concrete Mixer
                  9 – Other

**VEHICLE CONFIGURATION**
00 – Oversized
11 – Tow
14 – Undercarriage
15 – Non-Contact Vehicle

1 – Bus (Seating for More Than 15 Passenger)
2 – Single Unit Truck, 2 Axles
3 – Single Unit Truck, 3 or More Axles
4 – Truck Trailer
5 – Truck Tractor (Bobtail)
6 – Truck Trailer
7 – Tractor Trailer
8 – Unknown Heavy Truck (Cannot Classify)

**SEATING POSITION / POINTS OF INITIAL CONTACT**

# OFFICE OF
# INSURANCE AND SAFETY FIRE COMMISSIONER

**RALPH T. HUDGENS**
**COMMISSIONER OF INSURANCE**
**SAFETY FIRE COMMISSIONER**
**INDUSTRIAL LOAN COMMISSIONER**
**COMPTROLLER GENERAL**

October 5, 2011

SEVENTH FLOOR, WEST TOWER
FLOYD BUILDING
2 MARTIN LUTHER KING, JR. DRIVE
ATLANTA, GEORGIA 30334
(404) 656-2056
www.oci.ga.gov

Mr. Vincent A. Bagby
1365 Lake Colony Drive
Marietta, GA 30068

RE:   Our Case Number:   555133158

Dear Mr. Bagby:

Thank you for contacting Insurance Commissioner Ralph T. Hudgens about your problem. While it is unfortunate that you require assistance, we will be glad to help you in every way that we can.

Your case has been assigned to me to conduct an investigation for you. Please let me know if you have any new records or changes concerning your case. I will be back in touch with you as soon as we obtain information regarding your case.

If you have any questions or comments about your case, please contact me at the phone number listed below.

Sincerely,

*Menase Zewde*

Investigator
Consumer Services Division
Phone: 404-657-8463
Fax: 404-657-8542

/ MZ

THE OFFICE OF INSURANCE AND SAFETY FIRE COMMISSIONER DOES NOT DISCRIMINATE ON THE BASIS OF RACE, COLOR, NATIONAL ORIGIN, SEX, RELIGION, AGE OR DISABILITY IN EMPLOYMENT OR THE PROVISION OF PROGRAMS OR SERVICES



**U.S. Department of Justice**

**Federal Bureau of Investigation**

In Reply, Please Refer to
File No.

*N, file #*

Post Office Box 98128
Atlanta, Georgia  30359-1828

May 17, 2017

Vincent A. Bagby
1365 Lake Colony Drive
Marietta, GA  30068

Dear Mr. Bagby:

      Reference is made to your emails that you submitted to me on May 15, 2017; referenced is also made to your correspondence, which was received in the Atlanta Division of the Federal Bureau of Investigation (FBI), on May 11, 2017, which contained copies of letters to and from the Georgia Office of Insurance and Safety Fire Commissioner, Consumer Services Division; City of Atlanta, Department of Law; the Illinois Department of Insurance; and State Farm Mutual Automobile Insurance Company (State Farm), in regards to your claims that you submitted to State Farm and the City of Atlanta that arose from an automobile collision, which occurred on October 14, 2010, that involved a vehicle that was driven by you and a vehicle that is owned by the City of Atlanta.

      Your correspondence did not indicate what you are seeking from the FBI and after a review of the information that you submitted please be advised that the FBI is not the proper agency to contact if you are seeking assistance regarding this matter. Therefore, I am returning to you the original correspondence that you submitted to this office.

      Sincerely,

David J. LeValley
Special Agent in Charge

By:
Kristine Z. Green
Chief Division Counsel

Vincent A. Bagby
1365 Lake Colony Drive
Marietta, Georgia 30068

November 30, 2017

Ms. Kristine Z. Green
P.O. Box 98128
Atlanta, Georgia 30359-1828

Dear Ms. Green,

I opened a complaint with the National Insurance Crime Bureau for Fraud involving State
Farm, State Farm Public Affairs Representative Jerry Milton, Joseph Homans Joseph Hovan
Mayor Kasim Reed, City of Atlanta, Georgia Inc., Atlanta City Attorney Cathy Hampton, Fred
Hinson State Farm Agency & its CEO Fred Hinson.

The callcenter rep, as well as Paralegal Robert Keller, instructed me to call the FBI.

Please, recall your letter dated May 17, 2017 without a file number denoting an
unofficial, offbook operation for someone's benefit, so as not to create a record.

The letter alleged that the Federal Bureau of Investigation does not have jurisdiction
investigate Consumer Crime, Insurance Fraud worth millions.

I have written the General Counsel of the Insurance Crime Information Burreau with
whom the FBI generally cooperates.

To pursue a legal remedy for these violations I have filed GAND-1:16-CV-03535-CMS-
RWS in Atlanta Federal District Court for the Northern District of Georgia in 2016, and in 2017
ILSD-3:17-CV-01069-JPG-SWC, in the Souther Disctrict of Illinois in East St. Louis, Illinois.

Please explain the discrepancy, of which I knew, and lack of devotion of the FBI Atlanta
office regarding the major violations of Federal and Criminal Laws.

Thank you in advance for your cooperation.


Sincerely,


Vincent A. Bagby

**Menase Zewde**

| | |
|---|---|
| **From:** | Burns, Gwen <GBurns@AtlantaGa.Gov> |
| **Sent:** | Tuesday, November 29, 2011 11:53 AM |
| **To:** | Menase Zewde |
| **Subject:** | Vincent A. Bagby - 11L0746, Your Case No.: 555133158 |

*[Handwritten notes in right margin: O.C.G.A 93-99, 5 yrs if crime Committed, Failure to rend Aid, Reckless Driving, Proper ... Water ..., Not assessing ...]*

| | |
|---|---|
| **Claimant:** | Vincent A. Bagby |
| **Claim No.:** | 11L0746 |
| **Your Case No.:** | 555133158 |
| **Date of accident:** | 10/14/10 |

*[Handwritten notes: Driver Norris Hobbs, Gresham, + accident report never sent to DDS, AFD Ofc. David Fernandez Called by AFD David Bledso Directly, use of an official vehicle for non-emergency purposes]*

Menase,

This correspondence is sent to acknowledge receipt of your October 5, 2011 correspondence to this office as well as memorialize our telephone conversation last month regarding the disposition of the above-referenced claimant. As I mentioned to you, this claim will be sent to the Atlanta City Council with an unfavorable recommendation to pay because it does not comply with the requirements of notice under Georgia law as the six month statute of limitations expired prior to receipt of the claim. The accident occurred on October 14, 2010, but this office did not receive written notice from the claimant until September 28, 2011.

O.C.G.A. §36-33-5(b) states in pertinent part:

> *Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly practicable, and the negligence which caused the injury...*

Please let me know if you need anything further regarding this matter.

Regards,

Ms. Burns.

*Gwendolyn Burns, Claims Manager*
City of Atlanta, Department of Law | 68 Mitchell Street, SW | Suite 4100 | Atlanta, Georgia 30303
Email:  gburns@atlantaga.gov
(404) 330-6484 (office), (404) 494-1659 (E-fax) _____

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please be advised that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender of this e-mail by telephone and return the original message to the listed email address. Thank You.

*CEU 2015 Michael C. Tyson RDC* — *Mr. I an SHAPIRO*
*WH ISTLE BLOWER*

**State Farm Mutual Automobile Insurance Company**
Home Office, Bloomington, Illinois 61710

*m(tips.rl@statefarm.com*
November 11, 2011

*El.Rust@rustconsulting.com*

*Robert Illinois*
*RAPP*

*AAA downgrad to AA+*

**Georgia Department of Insurance**
Attn: Menase Zewde
Suite 716, West Tower
2 Martin Luther King, Jr., Dr.
Atlanta GA 30334

*MS TONI KWATENG*

**Atlanta Operations Center**
11350 Johns Creek Parkway
Duluth, Georgia 30098-0001

*FRAVD@oci.ga.gov*
*Vic.WIEGAND@ocig a*
*JOYCE.BRINSON@oci.ga.g*

*Fred@Fred Hinson.Com*

*TONI BOOTH-GOMER*
*JerryMELTON ] STATE FARM ANBASE*
*MELTON ] AHSIAA*

*References*
*October 31, 2011*

Re: Your Case Number: 555133158
Complainant: Vincent A. Bagby
Our Claim Number: 11-7367-466 *@ Federal LAW*
NAIC Number: 25178

*Mr Menase Zewde*
*@HONEST SERVICES*

*Letter to VAB from*
*Ms. SANDY HUGHES*
*denying case 555133158*

Dear Mr. Zewde,

This letter serves to reiterate our prior position and provide additional response to the November 9, 2011 letter sent to you by Vincent A. Bagby.

*FCRA , Federal Dam Rhan Act, FACT Act*

It appears Mr. Bagby's primary complaint is he was not notified by State Farm Insurance claim staff of the potential requirement for him to make a claim against the City of Atlanta pursuant to Ga. Code Ann. 36-33-5. He then maintains that since we did not provide this information, he is entitled to benefits under his policy for damages as a result of the motor vehicle accident of October 4, 2010.

The policy purchased by Mr. Bagby does not provide contractual obligation to advise him of statute of limitations or other requirements on how to collect damages from other parties. Our procedure is to explain the benefits afforded by the coverage purchased under the policy. For this claim Mr. Bagby does not have any collision coverage or medical payments coverage on his policy for the damage to his vehicle or personal injury.

*They did not inform me of the bonafide of the policy*

*(FEOA) FEDERAL EQUAL OPPORTUNITY Act*

Mr. Bagby also inquires about obtaining benefits under his Uninsured Motorist Coverage. This incident does not qualify for Uninsured Motorist Coverage as the other involved vehicle has not been shown to be uninsured and Mr. Bagby has not shown that he is legally entitled to collect from the owner or driver of any uninsured motorist vehicle.

*LEXIS NEXES Risk Solutions, Florida LLC Lexis NEXIS/u*

*ACCURINT*
*2 in 1*
*DATABASES*
*FULL OF*
*BLACK*
*FACES*

Additionally, State Farm does not have legal counsel by the name Jerry Piquerelle as reflected in Mr. Bagby's letter. Earlier this year, Claim Team Manager Greg Pickerill spoke to Mr. Bagby on a separate claim which occurred December 20, 2010 (claim 11-7394-656). Under this claim, Mr. Bagby is a third party claimant subject to liability coverage. Team Manager Pickerill is not involved with the claim from October 4, 2010.

*TM HE WHO CONTROLS THE STORY CONTROLS the Glory NEXES LAW*
*ENFORCEMENT*
*& → FACEBOOK*

Any additional inquiries should be directed to Joseph Hovan at 770-418-5718. Thank you.

*HE WHO CONTROLS THE STORY Controls THE GLORY TM*

*© Sony*
*TM I Love*

Sincerely,

*Jerry Melton* /rl

Jerry Melton, CPCU
Claims Manager
State Farm Mutual Automobile Insurance Company

*TM → FAKE Bo*
*TM → False Narrative Posting*

*Cant FIND a FACE YOU'RE NOt LOOKING FOR, OR DON'T HAVE a PHOTO*
*TM©*
*© TM For TM — WITH NO PHOTO THE INVESTIGATION IS A GNO-GO> TM TM*



# CITY OF ATLANTA
## DEPARTMENT OF LAW
SUITE 4100 • CITY HALL TOWER
68 MITCHELL STREET, S.W., ATLANTA, GEORGIA 30303-3520
(404) 330-6400

**KASIM REED**
**MAYOR**

**CATHY HAMPTON**
**CITY ATTORNEY**

October 11, 2011

Mr. Vincent Bagby
*No Contact Information Provided*

*Via pick-up from the Department of Law*

RE:   Georgia Open Records Act Request for Records Related to Incident on
      October 4, 2010.

Dear Mr. Bagby:

Please accept this correspondence in response to your Georgia Open Records Act
request, dated October 11, 2011, received via hand delivery in the City of Atlanta
Department of Law and addressed to City Attorney Cathy Hampton.   You have
requested the following records:

1. The bond number and/or policy number which covers the Piper
   Firetruck model driven on the day of the accident, October 4, 2010.
2. The internal personnel record disciplining Fireman Norris Hobbes
   Gresham, ie. Reports, results of any chemical/alcohol test results.
3. A document of which legal official reviewed the action of David Rhodes
   the Battalion chief Commander at the scene who prevented medical
   field evaluations upon Vincent A. Bagby.
4. The name and position of the legal officer who has permitted Norris
   Hobbes Gresham to be driving on a Commercial Drivers license after
   he has caused an accident, while speeding, and injurious to a third
   party during a wander and frolick categorized unofficial unsanctioned
   trip on Chattahoochee Avenue.
5. The education vitae of the legal officer to establish whether or not he or
   she should be cognizant of the fact that a CDL holder must be accident
   free, in order to retain his or her CDL license in the state of Georgia.
6. The amount of the uninsured motorist coverage fo rth evehicle in
   question, 2001 Piper firetruck involved in the October 4, 2010 accident
   worked by David Fernandez of Zone 2, under the immediate command
   of Tony Singh 0050, Kelvin Woodey, and ultimately Commander Lt.
   Browning.

7. The phone records of the cellular phone used by David Rhodes, paid for by the City of Atlanta Georgia, to confirm that David Rhodes called David Fernandez directly to investigate the accident scene across from the Jonny's Pizza located at 1465 Chattahoochee Avenue.

ue to the size of the City of Atlanta and the voluminous number of records created ithin the city on a daily basis, each department or similar entity within the City is :onsidered to be the custodian of its own records for the purposes of compliance with the requirements of the Georgia Open Records Act. The Department of Law is not the custodian of any records responsive to your request.

Responses to the individually numbered Items of your request are as follows:

1. The City of Atlanta self-insures, therefore, there are no records anywhere within the City of Atlanta responsive to this portion of your request.
2. This portion of your request is more appropriately directed to the City of Atlanta Department of Fire Rescue.
3. This portion of your request is more appropriately directed to the City of Atlanta Department of Fire Rescue.
4. This portion of your request is more appropriately directed to the City of Atlanta Department of Fire Rescue.
5. This portion of your request is more appropriately directed to the City of Atlanta Department of Fire Rescue.
6. The City of Atlanta self-insures, therefore, there are no records anywhere within the City of Atlanta responsive to this portion of your request.

In order to request records from the Department of Fire Rescue you may use the following contact information:

Atlanta Fire Rescue Department
Captain J.L. Bundridge
Public Information Officer
404-546-7004

Please note that in order to most effectively communicate with you regarding a request under the Georgia Open Records Act, it is advised that you provide a mailing address, an email address, a fax number, or a telephone number to allow the recipient of your request to adequately respond in a timely manner.

Sincerely,

Kristen Denius
Senior Assistant City Attorney

Case 1:18-cv-05353-RWS   Document 3   Filed 11/29/18   Page 33 of 60
Case 1:16-cv-03535-RWS   Document 3   Filed 09/23/16   Page 4 of 5
-- CMS

*Magistrate Judge the Honorable Catherine M. Salinas*

Having reviewed the complaint and attachments, I find that Plaintiff's allegations, which I accept as true, do not state a viable cause of action against any of the named defendants and that Plaintiff's realistic chances of ultimate success are slight. Plaintiff's complaint fails to "'give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Plaintiff's complaint also contains no short and plain statement of the grounds for the court's jurisdiction in accordance with the rudimentary requirements of Rule 8 of the Federal Rules of Civil Procedure.

From the face of Plaintiff's complaint and the civil cover sheet that Plaintiff completed, there does not appear to be either federal question or diversity jurisdiction. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). There are no allegations in Plaintiff's complaint that would support a claim arising under the Constitution, treaties or laws of the United States.

It is also apparent that no diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the

4

*2009 Adam Smith, JD City of Atlanta*
*Procurement negotiates with Jerry Melton State Farm*

# UNITED STATES DISTRICT COURT
### for the
## FOR THE NORTHERN DISTRICT OF GEORGIA

*CORRUPTION*

Vincent A. Bagby

*Dept of Insurance*
*& Fire Safety*

| | | |
|---|---|---|
| Plaintiff | ) | Civil Action No. |
| v. | ) | GAND-1:16-CV-03535-CMS-RWS |
| City of Atlanta Georgia Mayor Mohamed | ) | |
| | | |
| Kasim Reed, Cathy Hampton, City Attorney | ) | |
| | | |
| State Farm Insurance, Inc. | ) | |
| | | |
| Office of Insurance and Fire Safety: | ) | |
| | | |
| Ralph T Hudgins, Menase Zewde, | ) | |
| | | |
| State Farm Insurance Company, Inc, | ) | |
| | | |
| Fred Hinson Agency, Inc. Fred Hinson, | ) | |
| Ed Rust, Jr, CEO State Farm, | ) | |
| | | |
| Lexis Nexis C.L.U.E. | ) | |
| Defendants | | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES INTERROGATORIES TO CITY OF ATLANTA, GEORGIA, INC.

Instructions: All questions are to be answered completely, truthfully, and in their entirety Definition(s): "You" is a referent for The City of Atlanta, Inc., the City of Atlanta Law Department, or any official past or present privy to either firsthand knowledge, or legal documentation, or other relevant information enabling truthful complete responses to these questions: aforementioned is assumed to be inclusive of Mayor Mohammed Kasim Reed, Chief Counsel Cathy Hampton, Attorney Kristen Denius, and City Law Department collectively, the City of Atlanta Fire Department Personnel involved Cpt. David Rhodes Fireman Norris Hobbes Gresham, the Atlanta, Georgia Municipal Court Clerk's Office collectively, and its supervisors i.e. Carmen Burns, Ms. Dauphin, etc.

For each question divulge, disclose, and otherwise state the name of the City of Atlanta, Georgia employee, contractor, or authorized agent who performed the act in question, signed the disputed documentation, or state the name in written form which official, or agent, did not sign various documentation and should have in an official capacity.

1. Do you admit that a City of Atlanta Fireman, Norris Hobbes Gresham was the driver of a 2002 model of the make Piper Fire Truck; and said vehicle collided with the vehicle driven by Vincent A. Bagby, an insured of State Farm Insurance Company, Inc. from 1994-2011, on an independent policy, that the Accident/Incident report for

this same accident #102771037, completed by Officer David Fernandez of the City of Atlanta Police Department listed Driver Impairment as a contributory cause of the accident on the part of the driver of the City of Atlanta Fire Truck?

1. B. Do you admit now that Norris Hobbes Gresham, his generally and professional levels of negligence due to chemical impairment was the cause of the wreck on October 4, 2010?

2. Why did City of Atlanta offer to settle with Vincent A. Bagby for the accident of October 4, 2010?

3. Why did the City of Atlanta, Georgia, Inc. conspire to evade responsibility and compensation owed to Vincent A. Bagby for professional long-term physical therapy for injuries, and chronic pain resulting from the accident #102771037 by falsifying documents? Did State Farm's Catastrophic Loss Unit, and Public Affairs personnel advise Mayor Mohammed Kasim Reed, and Cathy Hampton to not pay?

4. If State Farm advised City of Atlanta to not remunerate Vincent A, Bagby, was the City of Atlanta threatened with being rendered uninsurable by State Farm and losing the ability to self-insure because of negative bond ratings in the market place?

5. How many vehicles were stated as being involved in the accident which occurred on October 4, 2010, according to a fraudulent Insurance Claim filed by the City of Atlanta, Georgia, Inc.?

6. What was the motivation behind the decision, and how and by whom, was the decision made that City of Atlanta, Georgia would, or should file a claim that only the 2002 Piper 40 foot fire truck driven by Norris Hobbes Gresham?

7. Do you concur that the original official accident report filed by Officer David Fernandez clearly states there were in fact two cars, that the Accident/Incident Report number is 102771037, and that to file a claim with differing information constitutes violations of the Statute of Frauds Doctrine, and is a basis to have charges of Insurance Fraud against the City of Atlanta, Georgia personnel, both legal and clerical for Conspiracy charges?

8. What was the motivation, and Was the intention of the filing of a falsified claim, which City of Atlanta, Georgia, Inc., with advice and counsel from Jerry Milton, and Joseph Hovan specifically, and State Farm, Insurance, Inc. generally, a conspiracy by definition the amount of liability for the permanent injuries, and property loss, and credit ruining defamation of character, i.e. this credit affecting aspect is a violation of the Equal Credit Opportunity Act (ECOA)?

9. Assuming there is an obvious motivation behind creating a fictitious set of circumstances surrounding your fraudulent, contrary to fact submission of City of Atlanta's losses stemming from the accident dated, since it is known that there were two cars involved in Accident 102771037, the 1998 Mazda driven by Vincent A. Bagby, a State Farm Client on his own policy from 1994 thought 2011, and since 1989, on his father Curtis Preston Bagby's multiple Auto Insurance policy, and Life insurance policies since 1968, in addition to the Piper 2002 Fire truck driven by an admittedly impaired Norris Hobbes Gresham.

A. What happens to the dollar figure on monetary liability for the City of Atlanta, Georgia, State Farm, Inc., both individually and collectively regarding a monetary figure, that relates to liability, particularly since City of Atlanta was informed of Vincent A Bagby's permanent injuries, which City of Atlanta was informed of at least as early as September 2011, would not in fact the dollar amount exceed he claims cap of the self-insurance policy, under which the losses stated insurance claim for accident 102771037 was filed?

Does City of Atlanta, Georgia affirm, swear, and aver that in fact its self-insurance policy capping out at $500, 000 was used to claim the losses of property, in the form of the 202 Piper Fire Truck, and injuries associated with Norris Hobbes Gresham and the other unknown City of Atlanta Fire Department personnel present for the Wander and Frolick motivated pizza and beer run, which was the unofficial Fire Department business, that Norris Hobbes Gresham, and the other personnel 4 or 5 in number, were engaged in at the time of the accident?

B. Who is the underwriter of record for City of Atlanta's self-insurance policy which has a maximum liability claim level of $500,000?

C. If Wander and Frolick were not the purpose of the venture to a "Pizza & Bar" restaurant, the only establishment open at 1365 Chattahoochee Avenue, other than a home theater system company in the plaza that, at high speed Norris Hobbes Gresham attempted to turn into, why was Norris Hobbes Gresham, et al there without emergency red lights flashing, nor a fire anywhere in sight?

10. What is the claim number of Accident #102771037, caused by Norris Hobbes Gresham, and was it filed against the $500, 000 self-insurance policy?

11. Was Norris Hobbes Gresham reprimanded, for surmisable, yet uncited violations of traffic laws and Public Safety Policy defined as, SPEEDING, FAILURE TO MAINTAIN LANE, DUI, or DUI LESS SAFE, or RECKLESS DRIVING tested to determine what toxicological drugs, or alcohol contributed to his inability to responsibly drive a Fire Truck at high speed while traveling to eat, and continue to drink alcohol, and cause an injury producing serious accident while not on an emergency responsive situation?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Vincent A. Bagby | ) |
| | ) |
| v. | ) |
| | ) Case No17-CV-01069-JPG-SCW |
| State Farm Casualty Insurance | ) |
| Co., Fred Hinson; Fred Hinson State | ) |
| Farm Agency; City of Atlanta, Georgia, | ) |
| Inc; Mayor Mohamed Kasim Reed; | ) |
| Cathy Hampton, JD Chief Counsel; | ) |
| Norris Hobbes Gresham, City of Atlanta | ) |
| Fire Dept; | ) |
| Georgia Office of Insurance & Fire | ) |
| & Safety Commissioner Ralph T. | ) |
| Hudgins, Comm, Investigator Menase | ) |
| Zewde | |
| Defendants | |

## COMPLAINT

### I.  Venue is Proper Pursuant to 28 U.S.C. § 1332

#### A. Complete Diversity Exists.

1. State Farm, the Principal Defendant is a Domestic Insurer duly organized under
the laws of the State of Illinois and having its principal place of business in the
State of Illinois, and is therefore a citizen of Illinois for purposes of Diversity of
Jurisdiction.

2. The Plaintiff Vincent A. Bagby is a Citizen of the State of Georgia.

3. Plaintiff Vincent A. Bagby contends he has suffered damages and losses due to
State Farms Intentional Professional negligence, Failure to Settle under O.C.G.A.
33-4-7 and Illinois Law (Haddick ex rel. Griffith v. Valor Insurance, 763 N.E.2d

299, 304-05 Ill.2001), misrepresentation and Fraud by Fred Hinson of the Fred

Hinson State Farm Agency. Additional misrepresentation was committed by Jerry

Milton in 2011 Public Affairs Officer, Joseph Hovan, and Joseph Homans, all of

whom participated in a correspondence hearing with the Georgia Office of

Insurance and Fire. Breach of Duty to Disclose a Dual Fiduciary Relationship

between State Farm and City of Atlanta, Georgia. State Farm is therefore liable

for damages to its insured for failing to settle the claim of an injured person in

excess of policy limits where the insurer is guilty of Professional negligence,

fraud or bad faith in failing to compromise the claim.

4.      The secondary Defendants, The City of Atlanta, Georgia, Inc., and relevant

Senior Municipal Officials, including the Honorable Mohammed Kasim Reed,

City Attorney, Assistant City Attorney Kristen Denius, City Attorney currently

Jeremy Berry, City of Atlanta Fire Department & Fireman Norris Hobbes

Gresham, Municipal Clerk's Claims Department Personnel, including Gwen

Burns, Toni Booth-Comer, Ms. Dauphin, Insurance and Fire Safety

Commissioner Ralph T. Hudgins, and Insurance Examiner Menase Zewde, are all

inclusively Citizens of the State of Georgia, and thus meet the requirement of

Diversity of Jurisdiction met by their Georgia  Residency. As co-Defendants

along with State Farm, a Diversity of Jurisdiction has been established by the City

of Atlanta, Georgia being duly incorporated under the Laws of the State of

Georgia, and as a Corporation recognized as a Person with residency in Georgia,

pursuant to **28 U.S.C. § 1332.**

5.    On the date of the accident October 4, 2010, the Plaintiff Vincent A. Bagby

was involved in an accident with City of Atlanta, Georgia Fireman Norris Hobbes

Gresham in a two-vehicle accident on Chattahoochee Avenue, across from 1365

Chattahoochee Avenue. Plaintiff Vincent A. Bagby had a fully paid policy, #044-

8991-D-18-110, on the date of the dual-total vehicle loss accident, concurrently

with permanent injuries. The policy aforementioned had the following coverages:

A, H, and U $250, 000. The U denotes Un-Insured Motorist Coverage, which is

recoverable for expenses depleted by the Aggrieved, Not-At-Fault Party incurred

in the course of seeking a settlement from the At-Fault Party's Insurer of Record,

State Farm. The existence of a valid policy was never in dispute, and indeed was

affirmed during an Inquiry before Insurance Examiner Menase Zewde initiated

October 5, 2011, cessation of correspondence from this Inquiry without any

publishing of findings, via letter was issued by Menase Zewde November 28,

2011.

6.    A letter authored by Plaintiff Vincent A. Bagby was hand-delivered to the City

of Atlanta, Georgia Department of Law on September 28, 2011 in anticipation of

the October 5, 2011 **hearing #555133158** convened to determine definitively the

At-Fault Party, and to determine why State Farm was and continues to refuse to

pay claim **11-7367-466-D**, which is the accident associated with

Accident/Incident report 102771037 authored by City of Atlanta Police Officer

David Fernandez. The Georgia Office of Insurance and Fire Safety Commissioner

Complaint 5551333158 is also referred to interchangeably as: City of Atlanta,

Georgia Claim CL#11L0746.

7.  These Failures to settle aggregate constitute Breach of Contract under 41

U.S.C. § 6503, by participation in the hearing State Farm Affirmatively admitted

that Bagby had a policy insuring his 1998 Mazda 626 Green Four-door Sedan.

State Farm failed to disclose during the hearing that State Farm was and is the

Insurer of Record for the City of Atlanta, Georgia above the then stated $500,000

threshold of a Self-Insurance Bond-base policy limit.

8.  State Farm had a clear Conflict of Interest regarding this case because it was

both Bagby's primary insurer and the Excess Insurer of City of Atlanta, Georgia,

Inc. above the $500,000 level of liability which had been pierced because the

value of the 2001 Piper Fire Engine alone was $500,000 to replace. This valuation

exceeds the $75,000 minimum level to establish a Federal Law question, and it

has already been established that there is a bona fide Diversity of Jurisdiction

between the parties, because Primary Defendant State Farm, Inc., incorporated in

the State of Illinois, and Plaintiff, Vincent A. Bagby, who resides in the State of

Georgia.

9.  Two Corrupt Organization Federal Statutes were violated by State Farm, by

not reporting the accident to the Georgia Department of Driver Services, nor the

Fulton County Department of Public Safety, State Farm, and the City of Atlanta,

acting under State Farm advisement violated the 18 USC 1961 **RICO Statute.**

Plaintiff Vincent A. Bagby alleges violations of the RICO Statute 18 USC 1961

RICO because Statute Manipulation of Bond Market Ratings as the result of State

Farm and City of Atlanta not revealing two cars being involved in accident

102771037. Consequently, as a direct result, and benefit derived from not paying

Plaintiff Vincent A. Bagby for the permanent injuries, loss of a vehicle, physical rehabilitation, and other necessary medical evaluations and interventions. Meanwhile, and by contrast, the City of Atlanta is enjoying AAA bond ratings. If this accident 102771037 were factored in, such artificially high, and manipulated AAA- rated Municipal bonds would not be impossible with the inclusion of a catastrophic loss of the nature of Georgia Insurance and Fire Safety Commissioner Case 555133158, also referred to as Accident 102771037, and also known as claim 11-7367-466-D, previously known as 11-7367-465-D, in earlier correspondences. There is a violation of a second, related Federal Corrupt Organization Statute. Also violated by way of collusion with involvement of Gwen Burns, and Toni Booth-Comer from the City of Atlanta, Georgia Municipal Clerk Claims Office, Jerry Milton, Joseph Homans, and Joseph Hovan, with cooperation from Menase Zewde of the Insurance and Fire Safety Commissioner' Office was 18 USC 1962 RICO the false insurance claims data was sold for profit to Lexis Nexis C.L.U.E., thereby there is a direct profiting from the selling of False Filings to a third party.

10.    The Office of Insurance and Fire Safety Commissioner Investigator committed Honest Services Fraud, there was a Duty to Follow the protocol of the National Association of Insurance Commissioners Organization, based in Kansas City, Missouri. The case initiated on October 5, 2011 should have been forwarded to the NAIC to the Chief Fraud Investigator, a position currently held by Mr. Greg Welker, who stated that an investigation would be initiated, in Mid-July 2017, after the issuance of response from Nexis Lexis C.L.U.E. Vice Counsel, and Vice

President of Lexis Nexis Jillian Block her letter is dated July 18, 2017. The Failure to forward of the case 555133158, referencing State Farm Claim Failure to Settle, and Failure to cover Bagby's losses associated with State Farm Claim number 11-7367-466-D violated multiple Federal Statutes contained in an entire section of Federal Insurance Law pertaining to regulations drafted by the National Associations of Insurance Commissioners governing all 50 States in the United States, contained in **15 U.S.C. 6760**. Thus, an independent State of Georgia governmental agency, along with State Farm, along with various City of Atlanta, Georgia, Inc personnel, Mayor Mohammed Kasim Reed, Kristen Denius (reference the letter dated October 11, 2011, signed by Denius) violated Georgia Resident and United States Citizen Vincent A. Bagby's Constitutional Rights, Under Color of Authority thereby violating 42 U.S.C. 1984.

11.     In May 2017, State Farm Claims adjuster Scott Wade affirmatively stated either by way of telephone, or e-mail correspondence to Ms. Shawntay Holt, Legal Disputes Supervisor with Lexis Nexis C.LU.E. that Vincent A. Bagby was not the At-Fault Party, referencing State Farm Claim 11-7367-466-D, and that other erroneous information had intentionally been supplied by State Farm to Lexis Nexis C.L.LU.E. which was used for the basis of State Farm denying coverage to Vincent A. Bagby in November 2011, after he was approved for Guaranteed renewal status for recognition of twenty years as a client, in April 2011 by vote by the State Farm Board of Directors.

12.     A July 18, 2017 Letter of Response verifying these allegations was issued by the Lexis Nexis C.L.U.E. Vice Counsel Jillian Block attempts to make sense of

these False Filings by State Farm which are verified violations of The Federal
Equal Credit Opportunity Act (ECOA) U.S.C. 15 U.S.C §1691 et seq.
discrimination on the basis of race, color, religion,_and sex, A Civil Rights Law
concerning financial and credit equality.

13.   State Farm's False Filings violate the multiple Consumer Credit Laws /
Civil Rights Laws, which left uncorrected, will affect Vincent A. Bagby's
Consumer Credit long beyond the November 21, and November 22, 2011 denials
of insurance by Mercury Insurance, and Progressive Insurance respectively,
(reference  ) Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq. Fairness
and Accuracy in Credit Transactions (FACT Act) False filings with Lexis Nexis
C.L.U.E., State Farm violated the Fair Credit Act (FCA) 15 U.S.C. §1681: State
Farm accorded a preferential status for the City of Atlanta to the detriment of
Vincent A. Bagby by undermining the promotion of fairness of the Open Market
for Direct Sourcing of Credit data, in this instance False corrupted data negatively
influencing Vincent A. Bagby's Credit rating.

14.   Computer Fraud and Abuse Act (CFAA) 18 U.S.C §1030 2(A) inputting
claims data known to be false into the Lexis Nexis C.L.U.E. Insurability Credit
Bureau's Insurance Exchange marketplace. False information was input into
Lexis Nexis C.L.U.E. in order to give the impression Vincent A. Bagby were the
At-Fault Party. This scenario is contrary to fact. As a consequence of this false,
and misleading data, Bagby's insurance rates were negatively affected, redlined
and detrimentally impacted his credit scores being calculated lower than actual.

The cumulative result of these actions were extremely elevated usury-level insurance rates.

15.    Jerry Milton as Public Affairs Officer had a conflict of interest, serving both as Third Party Administrator for its client, City of Atlanta, Georgia Inc., and contractual Agent for Plaintiff Vincent A. Bagby's Sole Insurer, State Farm insurance Company. City of Atlanta, Georgia had exhausted its Self-Insured Risk (SIR). Through trilateral collusion during Office of Insurance and Fire Safety Commissioner Hearing 555133158, conducted fraudulently by Menase Zewde, the fact that State Farm was responsible for damages exceeding the $500,000 value to replace the 40' Foot 2001 Piper Fire Engine Liberty Mutual Ins. c\Co. v. American Home Assur. Co. (N.D. Ill. 2004. City of Atlanta, Georgia, Inc. was known to State Farm Insurance, as the provider of additional Gap, Umbrella, or catastrophic loss Insurance beyond the limits of Self-Insurance (Fried v. North River Ins. Co. (4th Cir. 1983), Office of Insurance and Fire Safety Commissioner Investigator Menase Zewde knew of this also and as a supposed independent, objective determiner of fact violated NAIC protocols committing Honest Services Fraud by failing to disclose this to the Plaintiff Vincent A. Bagby

16.    The Duty to Notify was fulfilled by State Farm Policy Holder of Policy #044-8991-D-18-110 Insured Vincent A. Bagby, on October 4, 2010. City of Atlanta, Georgia Fire Department through Battalion Commander David G. Rhodes, fulfilled the Duty to Notify. State Farm Defended only City of Atlanta, Georgia, with conspiratorial conduct from The City of Atlanta Law Department personnel, Kristen Denius, Cathy Hampton, State Farm Catastrophic Loss Adjuster, Joseph Hovan & Joseph Homan, Public Affairs/Government liaison Jerry Milton, with essential assistance from Menase Zewde.

17. The Duty to Defend was denied to Vincent A. Bagby who contracted with State Farm to act in his best interest regarding any losses, State Farm was negligent in exercising the Duty to Defend because Vincent A. Bagby was owed this Duty in State Farm's role as Bagby's primary insurer, This Duty to Defend was exercised for benefit of the City of Atlanta, Georgia, even though as a secondary, Umbrella or Excess Insurer, this performance of full service was an elective exercise.

18. Misrepresentation in advertising pursuant to 35 U.S.C. § 284 State Farm had a motto, or slogan at the time, "Like a Good Neighbor, State Farm is There", and was also a member of ALEC, which promoted for profit incarceration entities, which targeted Blacks.

### Prayer For Relief

The Plaintiff Vincent A. Bagby, Pro Se, request a negotiated settlement, an undisclosed settlement, and the granting of the Motion of Summary Judgement based on the Facts of the case, in addition to the Un-Insured Motorist coverage of $250,000 in Pro Se fees, and Paralegal Fees recoverable under the Supreme Court decision in Richland v. Chertoff (2009), which treats Paralegal Fees as recoverable in the same manner as Attorney's fees, in addition to calculated interest of 10% per year since the date of the accident, from State Farm. The sanctions from City of Atlanta, Georgia, Inc., and The Office of the Insurance and Fire Safety Commissioner are negotiable, they are also culpable.

Vincent A Bagby, Pro Se
_____
Vincent A. Bagby

*[Handwritten annotations top]:* CEO 2015 Michael L. Tipsord · m.l.tipsord@statefarm.com · Mr. Ian SHAPIRO · WH FSTLE BLOWER

**State Farm Mutual Automobile Insurance Company**
Home Office, Bloomington, Illinois 61710

November 11, 2011

*[Handwritten]:* Robert RAPP · F Illinois · AAA downgrade to A A+ · Ed.Rust@rustconsulfng.com

Georgia Department of Insurance
Attn: Menase Zewde
Suite 716, West Tower
2 Martin Luther King, Jr., Dr.
Atlanta GA 30334

*[Handwritten]:* MS TONI KWATENG

**Atlanta Operations Center**
11350 Johns Creek Parkway
Duluth, Georgia 30098-0001

*[Handwritten]:* FRAVD@oci.ga.gov · Vic.WEIGAND@oci.ga · JOYCE.BRINSON@oci.ga.gov

*[Handwritten]:* Fred@ Fred Hinson.com · TONI BOOTH-COMER · Jerry MELTON MELTON STATE FARM Reference PUBASE October 31, 2011 Allstate

Re: Your Case Number: 555133158
    Complainant: Vincent A. Bagby
    Our Claim Number: 11-7367-466 *@ Federal LAW*
    NAIC Number: 25178

*[Handwritten]:* Letter to VAB from Ms. SANDY HUGHES denying Case 555133158

Dear Mr. Zewde, *[Handwritten]:* Mr Menase Zewde @ HONEST SERVICES

This letter serves to reiterate our prior position and provide additional response to the November 9, 2011 letter sent to you by Vincent A. Bagby. *[Handwritten]:* FCRA, Federal Dam Priracy Act, FACT Act

It appears Mr. Bagby's primary complaint is he was not notified by State Farm Insurance claim staff of the potential requirement for him to make a claim against the City of Atlanta pursuant to Ga. Code Ann. 36-33-5. He then maintains that since we did not provide this information, he is entitled to benefits under his policy for damages as a result of the motor vehicle accident of October 4, 2010.

The policy purchased by Mr. Bagby does not provide contractual obligation to advise him of statute of limitations or other requirements on how to collect damages from other parties. Our procedure is to explain the benefits afforded by the coverage purchased under the policy. For this claim Mr. Bagby does not have any collision coverage or medical payments coverage on his policy for the damage to his vehicle or personal injury. *[Handwritten]:* (FEOA) FEDERAL EQUAL OPPORTUNITY Act · They did not inform me of the benefits of the policy

Mr. Bagby also inquires about obtaining benefits under his Uninsured Motorist Coverage. This incident does not qualify for Uninsured Motorist Coverage as the other involved vehicle has not been shown to be uninsured and Mr. Bagby has not shown that he is legally entitled to collect from the owner or driver of any uninsured motorist vehicle. *[Handwritten]:* LEXIS NEXES Risk Solutions, Florida LLC / Lexis NEXIS/LE

*[Handwritten left margin]:* ACCURINT 3 in 1 DATABASES FULL OF BLACK "FACES"

Additionally, State Farm does not have legal counsel by the name Jerry Piquerelle as reflected in Mr. Bagby's letter. Earlier this year, Claim Team Manager Greg Pickerill spoke to Mr. Bagby on a separate claim which occurred December 20, 2010 (claim 11-7394-656). Under this claim, Mr. Bagby is a third party claimant subject to liability coverage. Team Manager Pickerill is not involved with the claim from October 4, 2010. *[Handwritten]:* TA @ HE WHO CONTROLS THE STORY --- Controls the Glory / NEXIS LAW ENFORCEMENT & → FACEBOOK · Lexis

Any additional inquiries should be directed to Joseph Hovan at 770-418-5718. Thank you.

Sincerely, *[Handwritten]:* TA HE WHO CONTROLS THE STORY CONTROLS THE GLORY TM © · (TM) → FAKE BOok · False Narrative Postings

*[Handwritten left]:* © Sony · TM I Phone

Jerry Melton, CPCU
Claims Manager
State Farm Mutual Automobile Insurance Company

*[Handwritten bottom]:* I Can't FIND a FACE YOU'RE NOT LOOKING FOR, OR DON'T HAVE a PHOTO · (TM) © from TM · WF+u NO PHOTO THE INVESTIGATION IS A "NO-GO"

**Menase Zewde**

| | |
|---|---|
| **From:** | Burns, Gwen <GBurns@AtlantaGa.Gov> |
| **Sent:** | Tuesday, November 29, 2011 11:53 AM |
| **To:** | Menase Zewde |
| **Subject:** | Vincent A. Bagby - 11L0746, Your Case No.:   555133158 |

*[handwritten:] O.C.G.A 9-3-99
5 yrs if crime committed*

| | |
|---|---|
| **Claimant:** | Vincent A. Bagby |
| **Claim No.:** | 11L0746 |
| **Your Case No.:** | 555133158 |
| **Date of accident:** | 10/14/10 |

*[handwritten annotations:] Driver: Norris Hobbes   APD Ofr. David Fernandez   Failure to render Aid
Graham called by APD David   Reckless Driving
+ accident report now sent to DDS   Directly   proper manage   Wonder if Police
use of an official vehicle for non-emergency purposes   Av I
Not assessing pts on CL*

**Menase,**

This correspondence is sent to acknowledge receipt of your October 5, 2011 correspondence to this
office as well as memorialize our telephone conversation last month regarding the disposition of the
above-referenced claimant.  As I mentioned to you, this claim will be sent to the Atlanta City Council
with an unfavorable recommendation to pay because it does not comply with the requirements of
notice under Georgia law as the six month statute of limitations expired prior to receipt of the claim.
The accident occurred on October 14, 2010, but this office did not receive written notice from the
claimant until September 28, 2011.

O.C.G.A. §36-33-5(b) states in pertinent part:

> *Within six months of the happening of the event upon which a claim against a
> municipal corporation is predicated, the person, firm, or corporation having the
> claim shall present the claim in writing to the governing authority of the
> municipal corporation for adjustment, stating the time, place, and extent of the
> injury, as nearly practicable, and the negligence which caused the injury...*

Please let me know if you need anything further regarding this matter.

Regards,

Ms. Burns.

*Gwendolyn Burns, Claims Manager*
**City of Atlanta, Department of Law | 68 Mitchell Street, SW | Suite 4100 | Atlanta, Georgia 30303**
Email: gburns@atlantaga.gov
(404) 330-6484 (office), (404) 494-1659 (E-fax) _____

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or
otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible
for delivering the message to the intended recipient, please be advised that any dissemination, distribution, or copying of this communication is
strictly prohibited. If you have received this communication in error, please immediately notify the sender of this e-mail by telephone and return the
original message to the listed email address. Thank You.



# OFFICE OF
# INSURANCE AND SAFETY FIRE COMMISSIONER

**RALPH T. HUDGENS**
COMMISSIONER OF INSURANCE
SAFETY FIRE COMMISSIONER
INDUSTRIAL LOAN COMMISSIONER
COMPTROLLER GENERAL

SEVENTH FLOOR, WEST TOWER
FLOYD BUILDING
2 MARTIN LUTHER KING, JR. DRIVE
ATLANTA, GEORGIA 30334
(404) 656-2056
www.oci.ga.gov

*ATLATA POLICE*
*DAVED FERNANDEZ*
*Acident # 10277*

*Case # 555*

*Hindly ATL? subsequent*
*Mr ____ Zewde, Agent assigned of SFC*

*Ms ____ Arnott?, supervisor*

October 31, 2011

Vincent A Bagby
1365 Lake Colony Drive
Marietta, GA 30068-2847

*CPT. DAVED RHODES  Atlanta FIRE DEPT*
*BATALLION Commander  Norris Hobbes Gresham*
*ATLATA FIRE DEPT  DRIVER*

Mr. Bagby:

*owned medical assessment*

I have received the copy of what I assume to be a letter you sent to Ms. Cathy Hampton, City of Atlanta Department of Law. There is no signature. Along with this was a copy of the letter written to you by Kristen Denius, Senior Assistant City Attorney of the Dept. of Law.

It is my understanding that the City of Atlanta self-insures and we do not regulate them. I believe these letters were sent to us in error, as it was addressed to Ms. Arnold, Atty. and there is no one here by that name. Further, we are not involved with this incident so I am returning these two documents to you.

Sincerely,

Sandy Hughes
Administrative Procedures

SH

*CFPB Consumer Financial Protection*
*Consumer Bureau*
*P.O. Box 4503*
*Iowa City, IA 52244*

THE OFFICE OF INSURANCE AND SAFETY FIRE COMMISSIONER DOES NOT DISCRIMINATE ON THE BASIS OF RACE, COLOR, NATIONAL ORIGIN, SEX, RELIGION, AGE OR DISABILITY IN EMPLOYMENT OR THE PROVISION OF PROGRAMS OR SERVICES


*1:16-cv-03535-CMS-RWS*



# OFFICE OF
# INSURANCE AND SAFETY FIRE COMMISSIONER

*ILSD-3:17-cv-01069-CSM C PG-*

**RALPH T. HUDGENS**
**COMMISSIONER OF INSURANCE**
**SAFETY FIRE COMMISSIONER**
**INDUSTRIAL LOAN COMMISSIONER**
**COMPTROLLER GENERAL**

SEVENTH FLOOR, WEST TOWER
FLOYD BUILDING
2 MARTIN LUTHER KING, JR. DRIVE
ATLANTA, GEORGIA 30334
(404) 656-2056
www.oci.ga.gov

December 1, 2017

*envelope date December 5, 2017*

Mr. Vincent A. Bagby
~~[address redacted]~~
~~[city redacted]~~

*RE: 555133158*

*Dickerson Insurance Agency*
*denial of Insurance July 2017*

RE:   Certificate of Service
United States District Court of the Southern District of Illinois
Our Case Number: 555217877

*Illinois Dept. Ins.  ILSD-3:~~—~~769*
*IL-16-10529   3:17-CV-01069*
*GAND 1:16-cv-03535*
*CMS-RWS*

Dear Mr. Bagby:

This is to acknowledge receipt of a Certificate of Service in regard to the above subject.

Our review of the document indicates that it is a duplicate of the document we received under
our Case Number 555133158. We have, therefore, made the document part of Case Number
555133158, and closed this file.

Should you wish to pursue this matter further, please reference our Case Number 555133158.
Meantime, we appreciated your bringing the matter to our attention.

*Brenda White*

Sincerely,

Menase Zewde, Complaint Examiner
Consumer Services Division
(404) 657-8463

*Janet Brinson*

/mz

*OMT (404) 657-9692*
*Legal Dept (404) 656 2060*

THE OFFICE OF INSURANCE AND SAFETY FIRE COMMISSIONER DOES NOT DISCRIMINATE ON THE BASIS OF RACE, COLOR, NATIONAL ORIGIN,
SEX, RELIGION, AGE OR DISABILITY IN EMPLOYMENT OR THE PROVISION OF PROGRAMS OR SERVICES

*CEO 2015 [handwritten]*

**State Farm Mutual Automobile Insurance Company**

Home Office, Bloomington, Illinois 61710

*m(tipsord@statefarm.com* [handwritten]
November 11, 2011

*Ed.Rust@rustconsulting.com* [handwritten]

Georgia Department of Insurance
Attn: Menase Zewde
Suite 716, West Tower
2 Martin Luther King, Jr., Dr.
Atlanta GA 30334

*Fred@FredHiwon.com* [handwritten]

*Mr. Im SHAPIRO* [handwritten]
*WHISTLE BLOWER* [handwritten]

*Robert RAPP Illinois* [handwritten]
*AAA downgrad to AA+* [handwritten]

*MS TONI KWATENG* [handwritten]

**Atlanta Operations Center**
11350 Johns Creek Parkway
Duluth, Georgia 30098-0001

*FRAUD@oci.ga.gov* [handwritten]
*VIC.WIEGAND@oci* [handwritten]
*JOYCE.BRINSON@oci.ga.gov* [handwritten]

*TONI BOOTH-COMER* [handwritten]
*Jerry MELTON  STATE FARM DATABASE October 31, 2011* [handwritten]
*MELTON AHSink* [handwritten]
*Reference* [handwritten]

Re: Your Case Number: 555133158
Complainant: Vincent A. Bagby
Our Claim Number: 11-7367-466 *@ Federal LAW* [handwritten]
NAIC Number: 25178

*Mr Menase Zewde* [handwritten]
*@ HONEST SERVICES* [handwritten]

*Letter to VAB from* [handwritten]
*Ms. SANDY HUGHES* [handwritten]
*denying case 555133158* [handwritten]

Dear Mr. Zewde,

This letter serves to reiterate our prior position and provide additional response to the November 9, 2011
letter sent to you by Vincent A. Bagby. *FCRA, Federal Drum Privacy Act, FACT Act* [handwritten]

It appears Mr. Bagby's primary complaint is he was not notified by State Farm Insurance claim staff of the
potential requirement for him to make a claim against the City of Atlanta pursuant to Ga. Code Ann. 36-33-
5. He then maintains that since we did not provide this information, he is entitled to benefits under his
policy for damages as a result of the motor vehicle accident of October 4, 2010.

The policy purchased by Mr. Bagby does not provide contractual obligation to advise him of statute of
limitations or other requirements on how to collect damages from other parties. Our procedure is to explain
the benefits afforded by the coverage purchased under the policy. For this claim Mr. Bagby does not have
any collision coverage or medical payments coverage on his policy for the damage to his vehicle or
personal injury. *(FEQOA) FEDERAL EQUAL OPPORTUNITY Act* [handwritten]

*They did not inform me of the benefits of the policy* [handwritten]

Mr. Bagby also inquires about obtaining benefits under his Uninsured Motorist Coverage. This incident
does not qualify for Uninsured Motorist Coverage as the other involved vehicle has not been shown to be
uninsured and Mr. Bagby has not shown that he is legally entitled to collect from the owner or driver of any
uninsured motorist vehicle. *LEXIS NEXIS Risk Solutions, Florida LLC Lexis NEXIS/LE* [handwritten]

*ACCURINT 3 in 1 DATABASES FULL OF BLACK FACES* [handwritten]

Additionally, State Farm does not have legal counsel by the name Jerry Piquerelle as reflected in Mr.
Bagby's letter. Earlier this year, Claim Team Manager Greg Pickerill spoke to Mr. Bagby on a separate
claim which occurred December 20, 2010 (claim 11-7394-656). Under this claim, Mr. Bagby is a third
party claimant subject to liability coverage. Team Manager Pickerill is not involved with the claim from
October 4, 2010. *TM @ HE WHO CONTROLS THE STORY — Controls the Glory* [handwritten]

*Lexis Nexis LAW ENFORCEMENT & FACEBOOK* [handwritten]

Any additional inquiries should be directed to Joseph Hovan at 770-418-5718. Thank you.

Sincerely, *(TM) HE WHO CONTROLS THE STORY CONTROLS THE GLORY (TM) ©* [handwritten]

*(TM) FAKE BOO* [handwritten]

*Jerry Melton /dl* [signature]

Jerry Melton, CPCU
Claims Manager
State Farm Mutual Automobile Insurance Company

*© Sony TM I Love* [handwritten]
*(TM) → False Narrative Posting ©* [handwritten]

*© Cant FIND a FACE YOU'RE NOT LOOKING FOR, OR DON'T HAVE a PHOTO* [handwritten]
*TM ©* [handwritten]
*© For TM — WITH NO PHOTO THE INVESTIGATION IS a «NO-GO» (TM) TM* [handwritten]

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

**State Farm®**

July 13, 2016

*[handwritten: Acworth | LexisNexis | 180117 − 2784813]*
*[handwritten: FACEBOOK]*

Vincent Bagby
1365 Lake Colony Dr
Marietta GA 30068-2847

State Farm Auto Claims
P.O. Box 52250
Phoenix AZ 85072-2250

**CERTIFIED MAIL: RETURN RECEIPT REQUESTED**

RE:  Claim Number:  11-7367-466  *[handwritten: also 11−7367−461]*
 Date of Loss:  October 04, 2010  *[handwritten: City of Atlanta  Fire Dept]*
 Our Insured:  Vincent Bagby  *[handwritten: Norris Hobbes Gresham]*
 Policy Number:  044899111D  *[handwritten: Cpt David Rhodes]*

Dear Vincent Bagby:

This letter is to confirm our conversation on July 8, 2016 and in response to your recent contact to our home office regarding an open records request on the City of Atlanta. As discussed, we do not have a claim number for the City of Atlanta. Also, your policy did not carry Medical Payments Coverage or Collision Coverage on the date of the accident.

If you have questions or need assistance, please call us at (855) 341-8184.

Sincerely,  *[handwritten: APD Ofcr David Fernandez]*

Shenese Brimley
Team Manager
(855) 341-8184
Fax: (855) 666-0964

State Farm Mutual Automobile Insurance Company

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



April 06, 2017

Vincent Bagby



**State Farm Auto Claims**
P.O. Box 52250
Phoenix AZ 85072-2250

RE:    Claim Number:      11-7367-466
       Date of Loss:      October 04, 2010
       Our Insured:       Vincent Bagby

Dear Vincent Bagby:

Per our phone conversation, since State Farm did not pay any damages to you from this claim, subrogation was never listed as a participant.

Sincerely,

Brad Hill
Claim Specialist
(855) 341-8184

State Farm Mutual Automobile Insurance Company

**CITY COUNCIL
ATLANTA, GEORGIA**

15-R-4095

**FOR BODILY INJURIES ALLEGED TO HAVE BEEN SUSTAINED AS A RESULT OF BEING HIT BY A CITY VEHICLE ON 10/04/2019 AT CHATTAHOOCHEE AVENUE. (AFR/NA) #7592**

# 7592 *Norris Hobbs*
*Gresham*

CLAIM OF:   Vincent Bagby
           1365 Lake Colony Drive
           Marietta, Georgia 30068-2347

**Workflow List:**

| | | |
|---|---|---|
| Office of Research and Policy Analysis | Completed | 09/10/2015 1:41 PM |
| Public Safety & Legal Administration Committee | Pending | 09/15/2015 3:00 PM |
| Atlanta City Council | Pending | 09/21/2015 1:00 PM |
| Atlanta City Council | Pending | 09/21/2015 1:00 PM |

| Certified by Presiding Officer | Certified by Clerk |
|---|---|
| *Ceasar Mitchell* | |

**Mayor's Action**
*See Authentication Page Attachment*

*Failure to Timely Settle an Insurance Claim*
*OCGA   33-4-7*

*O.C.GA: 50-17-    OPEN RECORDS REQUEST*



Russell B. Davis
G. Lee Welborn
W. Curtis Anderson
Sean L. Hynes
R. Christopher Harrison
J. Colby Jones
Joshua S. Ruplin
Andrew A. Curtright
Alexander McDonald
Savannah L. Bray
Victoria L. Shaw
M. Bradford Patterson
Amanda S. Newquist
Christopher A. Brookhart
Sarah E. Akinosho
Sarah G. Darden
Emma C. Burch
D. Ryan Brumlow

**Downey & Cleveland** LLP
*attorneys at law*
(770) 422-3233 | www.downeycleveland.com

288 Washington Avenue, Marietta, Georgia 30060-1979

July 18, 2017

Robert H. Cleveland
(1940 – 1989)

---

Facsimile
(770-423-4199)

---

Of Counsel:
Joseph C. Parker
Rodney S. Shockley
Tara W. Parker
Joseph B. Atkins

Direct Email
anderson@downeycleveland

**Via Email – Vabagby@yahoo.com**
**Regular U.S. Mail and Certfied Mail**
Mr. Vincent Bagby
1365 Lake Colony Drive
Marietta, Georgia 30068-2847

Dear Mr. Bagby,

        My name is Curtis Anderson and I, along with the firm of Downey & Cleveland, LLP, represent State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm"). A claim representative from State Farm recently provided me a copy of your file as well as recent correspondence between you and multiple agents of State Farm. I am sending this correspondence to address several issues.

        The first item is that this letter shall hereby serve as notice that State Farm is a represented entity, with legal counsel in this firm. Accordingly, ALL further communication to State Farm and any representative thereof, whether written, electronic and/or oral, shall be directed to my office. No further communication shall be sent directly to State Farm.

        Equally important is the substance of the communication you have been continuously directing to State Farm. You have been made aware on numerous occasions that you did not have collision or medical coverage through State Farm on October 4, 2010. However, you continue to harass and attempt to intimidate State Farm and its employees regarding a motor vehicle accident you were involved in on that date. As you did not have any policy covering your alleged loss in effect on that date, there is no claim to be made, and any such claim that had been opened for investigation is now and will remain closed.

        While your pattern of harassing behavior began in February of 2016, it has steadily escalated past the point of conceivable business communication. Due to the voluminous nature of your inappropriate communications, I will only cite to a small sample of the same:

        Your use of gross profanity (the "F word") to speak derogatorily and demean a
        State Farm employee on May 24, 2016; your acknowledgment of initiating calls to

July 18, 2017
Page 2

State Farm while intoxicated; repeatedly making demands that are outside the control of State Farm as recently as June 20, 2017; threating unwarranted litigation and proceeding with the initiation of said lawsuit, which was dismissed as frivolous; continuously interrupting and argumentative behavior during such phone calls; and the sheer volume of communications which you submit almost daily to State Farm.

All of the above is but a small illustration of your behavior that is unwarranted and will no longer be tolerated.   Your communications and the substance thereof serves no other purpose other than to harass and intimidate my client. Accordingly, you are hereby demanded to cease and desist from all such communications with State Farm and any representative of State Farm immediately. Should you continue to harass State Farm and its agents in this manner my client will be forced to take legal action to prevent the same. Please govern yourself accordingly.

Furthermore, many of your communications sent via email to multiple entities constitutes libel pursuant to O.C.G.A. § 51-5-1. You have knowingly and maliciously made false accusations against my client, published the same to various entities (including media news outlets, local government agencies, and the F.B.I.), in an attempt to expose my client to unwarranted and unjustified consequences. You have even gone as far as falsely accusing State Farm of committing crimes. I have attached small sample of these emails hereto for your reference. Accordingly, this correspondence shall serve as notice that you are hereby demanded to cease and desist from making such false allegations against State Farm and publishing the same immediately. Should you elect to disregard this notice State Farm will be forced to take further legal action and seek all available remedies at law.

It is my client's hope that your conduct corrects itself immediately and that you will heed this notice. However, should you fail in any of these regards, my client will be forced to take further legal action and seek all remedies available at law. If you have any questions, please do not hesitate to contact our office.

Regards,

W. Curtis Anderson
Attorney for State Farm

WCA/kjl
Enclosures

**From:** STATEFARMCLAIMS@STATEFARM.COM
**Sent:** Monday, April 17, 2017 11:40 AM
**To:** STATEFARMCLAIMS@STATEFARM.COM
**Subject:** 11-7367-466
**Attachments:** 20160426_221051.jpg; 20160426_220957.jpg

**From:** Vincent A. Bagby [mailto:vabagby@gmail.com]
**Sent:** Saturday, April 15, 2017 9:38 AM
**To:** mayorreed@atlantaga.gov; gwen.burns@atlantaga.gov; champton@atlantaga.gov; kdenius@atlantaga.gov; MLTIPSORD <mltipsord@statefarm.com>; STATEFARMCLAIMS@STATEFARM.COM; menase.zewde@oic.ga.gov; commissioner@oic.ga.gov; info@law.ga.gov; Wright Banks <wbanks@law.ga.gov>; DDS_commissioner@dds.ga.gov; fhinson@statefarm.com; toni.booth@atlantaga.gov
**Cc:** john.horn@doj.gov; antitrust@ftc.gov; secretary@ftc.gov
**Subject:** State Farm Subrogation

Mr Tipsord,

Please put me on contact with a member of State Farm Subrogation Services
PO Box 2375
Bloomington, IL 61702-2375

Shenese Brimley, Brad Hill, Gwen Bowers, Alex Garcia have all failed at their attempts of patronization, and generally insulting my intelligence.

I prevail upon you and your company leadership to settle this illegal matter.

October 4, 2010 an impaired Norris Hobbes Gresham was operating a City of Atlanta Fire truck. He, nor the other membership of his entourage, who were not on a response to emergency, stopped to assess my injuries and shock after the accident.

Battalion commander Resigned Cpt David Rhodes October 2016 from Fire House 8

The accident resulted in the total loss of my vehicle, a Mazda 626 1998 and the City of Atlanta Fire truck.

State Farm chose to replace only city of Atlanta's truck.

I have documented permanent injuries.

Artificially, in violation of RICO on this NEXIS LEXIS form State Farm claims to have paid me for the 1998 Mazda 626. However, I didn't have full coverage.

By not reporting the accident, the City of Atlanta's Bond ratings tension artificially high, with State Farm, and Office of the Insurance and Fire Safety Commissioner personnel.

1

Toni Booth-Dauphin, Carmen Burns, had contact with Ms Manese Zewde. Curiously, I was meeting with a bearded male who wore a nametag bearing Zewde's name. Ms Zewde was in contact with State Farm employees Joseph Hovans, Joseph Homans, and Jerry Melton. Melton was the public accounts liaison for lack of a better term.

I have filed 2 complaints with the FTC over this matter.

The accident was never reported to the Accident Reporting Unit at the Georgia Department of Driver Services.

My guarantees renewal issued in April 2011 was reneged in October or November of 2011.

Mr Tipsord, I'd like to begin a dialogue to fast track an amenable solution to this situation to arrive at an appropriate settlement amount involving a 6 year cover up, a total loss, permanent injuries (Tarlov cysts), reputation damaging credit data, which excluded me from the rolls of all but the most expensive insurance companies, fraud, insurance fraud, impersonation of a State of Georgia investigator, Conspiracy, Subrogation, Failures to settle, Failures to disclose being the insurance carrier of both parties involved in an accident.

I look forward to making contact with toy Mr Tipsord

| **From:** | Vincent A. Bagby <vabagby@gmail.com> |
| **Sent:** | Sunday, May 7, 2017 9:30 PM |
| **To:** | MLTIPSORD; Ed Rust; HOME CLMS-STATEFARMCLAIMS; fhinson@statefarm.com; tips@wgnradio.com; info@wgntv.com; karyn.greer@cbs46.com; tips@wsbnews.com; ross.cavitt@wsbtv.com; iteam@11alive.com; iteamatlanta@foxtv.com |
| **Cc:** | ian.shapiro@illinois.gov; menase.zewde@oic.ga.gov; cathy.hampton@atlantaga.gov; mayorreed@atlantaga.gov; Chicago@ic.fbi.gov; municipalclerk@atlantaga.gov; gburns@atlantaga.gov; gwen.burns@atlantaga.gov |
| **Subject:** | State Farm coinsurer CLAIM 11-7367-466;OIC of GA case 5551353; IL Dept Ins case IL10529 |
| **Attachments:** | 20161023_210540.jpg; 20161023_210428.jpg; 20161023_210337.jpg; 20161023_210556.jpg; 20170415_082236.jpg; 20170415_080027.jpg; 20170417_142847.jpg |

Evidence of Fraud

December 24, 2011 Lexis Nexis CLUE report claims State Farm paid Vincent A Bagby $1, 950.00

The letter fron Brad Hill a State Farm claims manager admits nothing was paid for the 1998 Mazda vehicle,  nor permanent injuries.

State Farm was the insurer fire City of Atlanta, then and now above $500,000 in liability.

Therefore if this were disclosed Citi of Atlanta's Bind ratings would be substantially lower due to an impaired driver.

This is RICO market manipulation, I believe.

1

Cc: <Atlanta@ic.fbi.gov>, <Chicago@ic.fbi.gov>, <secretary@ftc.gov>, <municipalclerk@atlantaga.gov>, <kevin.callahan@ocr.doj.gov>

I Vincent A Bagby was dropped by State Farm in December 2011.

I am permanently injured, with Tarlov cysts to my spine, and pinched nerves in neck and shoulder.

Lexis Nexis C.L.U.E. was under the impression the claim had been settled. I have spoken to Brian Mack, and Ms Adrienne? (unknown surname), his supervisor.

State Farm used the basis of an impaired City of Atlanta, Georgia Fire Department Piper 40 foot truck.

In a correspondence inquiry conducted by Mr. Menase Zewde of the State of Georgia Office of the Insurance and Fire Safety Commissioner:

State Farm Insurance Company, represented by Jerry Milton, now with Allstate, and Joseph Hovan refused to divulge that they represented both Mr. Vincent A. Bagby and civil and the City of Atlanta Fire Department for liability above $500,000.

As a result Fred Hinson and his personnel sought abs referred me to Infinity Insurance out of Birmingham, Alabama at a rate of $1,200 a quarter.

Terms such as breech of contact, failure to disclose, insurance fraud come to mind.

I was refused coverage by Phoenix Insurance brokers in Marietta Georgia.

As a result of the negative false credit information in my LexisNexis C.L.U.E. file I was forced to go to I was forced to go to High insurance rates.

Equal Credit Opportunity Act violations, Fair Credit Reporting Act, Racketeering, Insurance Fraud, Credit Fraud, Slander, Liable, Perjury

I would appreciate any input from the FBI, Federal Trade Commission, and Lexis Nexis C.L.U.E., and State Farm, as deemed appropriate.

I have simultaneously contacted all with a stake in this matter.

Please respond as soon as possible to resolve this matter.

Sincerely,

Vincent A Bagby
(404) 399-6451
vabagby@gmailcom

2

| | |
|---|---|
| **From:** | Vincent A. Bagby <vabagby@gmail.com> |
| **Sent:** | Sunday, May 7, 2017 9:25 PM |
| **To:** | HOME CLMS-STATEFARMCLAIMS; Ed Rust; DOI.InfoDesk@illinois.gov; Chicago@ic.fbi.gov; inspector.general@oig.ga.gov; openrecords@oic.ga.gov; menase.zewde@oic.ga.gov; gburns@atlantaga.gov; municipalclerk@atlantaga.gov; tips@wgnradio.com; info@rustconsulting.com; info@wgntv.com |
| **Cc:** | ian.shapiro@illinois.gov; MLTIPSORD; kristine.greene@fbi.gov |
| **Subject:** | RE: Fred Hinson State Farm drop refusal Phoenix Associates Insurance Brokers re: December 17, 2011 CLAIM# 11-7367-466 |
| **Attachments:** | 20170427_172319.jpg; 20170427_173522.jpg; 20170427_173535.jpg |

11-7367-466 no payment for vehicle nor permanent injuries.

December 24, 2011 Lexis Nexis report falesy, fraudulently claims $1,950 were paid.

On May 5, 2017 9:43 AM, "HOME CLMS-STATEFARMCLAIMS" <statefarmclaims@statefarm.com> wrote:

Thank you for your recent email. Based on the information provided, we are unable to match the email to a claim. Please resend your email along with any attachments. **In the subject line, please include a valid 7- or 9-digit State Farm claim number only.** If you have done this and are still receiving this email, please verify your claim number is accurate. If you do not have a claim number, please contact your claim handler or your State Farm Agent. Including your claim number on future correspondence will allow us to promptly assist you with your claim.

You can find your claim associate's contact information, as well as other claim information and an explanation of the claim process, by visiting **Online Claim Services** on statefarm.com®. Thank you.

**From:** Vincent A. Bagby [mailto:vabagby@gmail.com]
**Sent:** Friday, May 05, 2017 7:33 AM
**To:** ian.shapiro@illinois.gov; HOME CLMS-STATEFARMCLAIMS <statefarmclaims@statefarm.com>; MLTIPSORD <mltipsord@statefarm.com>; Ed Rust <ed.rust.atei@statefarm.com>; Chicago@ic.fbi.gov
**Cc:** consumer.documents@lexisnexis.com
**Subject:** Fwd: Fred Hinson State Farm drop refusal Phoenix Associates Insurance Brokers re: December 17, 2011

---------- Forwarded message ----------
From: "Vincent A. Bagby" <vabagby@gmail.com>
Date: May 14, 2016 6:58 AM
Subject: Fred Hinson State Farm drop refusal Phoenix Associates Insurance Brokers re: December 17, 2011
To: <jhovan@statefarm.com>, <ed.rust.atei@statefarm.com>

1